MACBETH et al. v. BRADDOCK GLASS CO., Limited, et al.

(Circuit Court, W. D. Pennsylvania. July 5, 1890.)

PATENTS FOR INVENTIONS — PRELIMINARY INJUNCTION — EFFECT OF PRIOR DECISIONS.

On a motion for a preliminary injunction against the infringement of letters patent No. 14,373, issued October 30, 1883, to George A. Macbeth, for a design for lamp chimneys, the court will not disregard prior decisions sustaining the patent, upon new evidence, consisting of the affidavits of five persons, resting entirely in personal recollection after the expiration of eight or ten years as to the date of certain alleged prior uses, when there are other affidavits fixing a later date, and the latter are strongly corroborated by circumstances.

In Equity. Bill by Macbeth & Co. against the Braddock Glass Company, Limited, and others, for infringement of letters patent No. 14,373, granted October 30, 1883, to George A. Macbeth, as assignee of Henry Dietrich, for designs for lamp chimneys. Heard on motion for preliminary injunction. Granted.

James I. Kay and George H. Christy, for the motion.
W. L. Pierce, contra.

ACHESON, Circuit Judge, (orally.) The patent in suit has already been sustained at final hearing in two hotly-contested cases— First, by this court in Macbeth & Co. v. Evans & Co.,[1] and then by the circuit court of the eastern district of Pennsylvania, in Macbeth v. Gillinder, 54 Fed. Rep. 169; in which cases it was held also that the patent was infringed by ornamentation similar to that appearing on the top edge of the lamp chimneys manufactured by the defendant company, of which Exhibits Nos. 1 and 2 are samples. Upon this state of facts, then, under the general rule of law applicable here, the complainants are entitled to a preliminary injunction against the present defendants. But, notwithstanding the prior adjudications, it is now asserted by the defendants that as early as the year 1882, before the patent in suit was applied for, or the patented design was produced by Dietrich, the fine crimping of the top edge of lamp chimneys, producing the bead-like ornamentation complained of as an infringement, was openly and extensively practiced at the Independent Company's glassworks, in the city of Pittsburgh, and the affidavits of five persons have been offered

---

[1] No opinion rendered.

·in· evidence to establish the truth of the allegation. Now, if such were indeed the fact, it is very remarkable that it was not shown· at the hearing before this court, in the fall of 1884, upon the motion for a preliminary injunction in the Evans suit. That case was one of notoriety, and excited great interest in the trade, and the application for a preliminary injunction was most earnestly resisted. But, if this alleged prior use was by any means over-looked at the preliminary·hearing, how is it to be accounted for that it was not set up as a defense at the final hearing, if the defendants' witnesses are correct in what they state? After a careful considera-tion of all the affidavits, my conclusion is that these witnesses are mistaken in respect to time. Evidently they testify· from mere recollection, for the particular facts of which they speak as fixing dates have no necessary or natural relation to· the main fact here in question. On the other hand, the statement of Michael Ward, Sr., the manager of the Independent Company's glassworks, that the fine crimping with the bead-like effect was first introduced there in the winter of 1884, and after he had been shown a specimen of the complainants' pearl-top chimneys, is entitled to· great weight. Moreover, Mr.. Ward's testimony is very strongly corroborated by that of the other rebutting witnesses, and also by an entry in Charles Fischer's books, so that, upon the whole, I am entirely convinced that the defendants' witnesses are at fault as to their recollection as to the year when the design similar to the patented design first came into use at the Independent Glass Company's works, and that in fact it was in the year 1884, instead of 1882, as they now think.·

I have only to add that, in my opinion, the specimen of the defendant company's manufacture, Exhibit No. 3, is an infringe-ment equally with Exhibits No. 1 and No. 2, and that the injunction should embrace all three. Let a preliminary injunction issue against the defendants, in accordance with these views.

### Sur Rule for Attachment for Contempt of Court.
(July 5, 1892.)

PER CURIAM. The above rule rests on two points—First, whether the 20-crimp chimneys, such as Exhibits Braddock No. 4 and Felix & Marston No. 4, made by defendants, are an infringement of the Dietrich patent in suit; and, second, whether the defendants are guilty of violation of the injunction by the disposal of the enjoined stock. The court has no doubt whatever but that the 20-crimp chim-ney is as much an infringement as the chimneys Braddock Nos 1, 2, and 3 enjoined, but it has decided to look upon this rather in the light of an inconsiderate, than of a willful, act.

As to the second point, there is a possibility that the chimneys bought in Chicago might have come into the hands of Felix & Mars-ton otherwise than through the Braddock Glass Company, and·the court has decided to give the defendants the benefit of every doubt, so that we will not hold them guilty of contempt. We will therefore make an order discharging the rule, and ordering that the defendants pay the costs of the investigation.