BRUSH ELECTRIC Co. *et al. v.* ACCUMULATOR Co. *et al.*

*(Circuit Court, D. New Jersey.* March 16, 1892.)

1. PATENTS FOR INVENTIONS—PRELIMINARY INJUNCTION—EFFECT OF DECISIONS IN OTHER CIRCUITS.

Where letters patent have been twice sustained in another circuit a preliminary injunction against infringers will issue as a matter of course, and such injunction will not be denied because of *ex parte* affidavits of alleged new evidence in respect to anticipation, especially when it appears doubtful whether such evidence was not known to the defendants in such prior cases, and that the defendant corporation herein was closely allied with the corporations defendant in the prior litigation, and contributed to the expenses thereof, either directly or through its individual stockholders.

2. SAME—WHEN BOND REQUIRED.

Where, however, such injunction will seriously affect defendants' business, and it appears that an appeal has been taken from the decisions in the other cases, the court will require complainants to give bond to secure payment of damages in case the injunction is subsequently dissolved.

In Equity. Bill for infringement of patents. On motion for preliminary injunction. Granted.

*R. N. Kenyon, W. C. Witter,* and *Charles E. Mitchell,* for complainants.

*F. H. Betts* and *H. G. Ward,* for defendants.

GREEN, District Judge. After careful consideration of the matters presented by counsel upon the argument of this cause, I am constrained to grant the motion of the complainants for a preliminary injunction upon the terms hereafter stated. The letters patent which it is charged in the bill of complaint the defendants have infringed have been, as to all their claims now in controversy in this suit, twice sustained, after protracted and desperately fought contests, by the circuit court for the southern district of New York; and the reasons for the conclusion reached have been fully and clearly given by Judge COXE, who heard the argument of the causes, in very able and learned opinions. *Brush Electric Co.* v. *Julien Electric Co.,* 41 Fed. Rep. 679; *Brush Electric Co.* v. *Electrical Accumulator Co.,* 47 Fed. Rep. 48. The rule is well established that where, as the result of a contested controversy, letters patent have been sustained, preliminary injunctions will be granted against infringers as a matter of course by the court which has adjudged the letters patent valid, and as a matter of comity by the federal courts in other circuits. The defendants seek to avoid the operation of this rule in the case at bar by alleging that they have discovered new evidence since the litigation in the New York circuit, which will effectually destroy the validity of the letters patent which they are charged with violating. This evidence they set forth at length in *ex parte* affidavits. It relates to the alleged anticipating invention of an electric battery by a Dr. Blanchard, of Vermont, claimed to be in all respects similar to the invention of Brush, secured to him by the letters patent in controversy. This alleged invention, it is said, antedates the invention of Brush nearly 20 years. Whether it can properly be called "new

v.50F.no.10—53

evidence" is a question of serious import. It is not denied that, although the present defendants were not the defendants upon the record in the New York causes, they were nevertheless closely allied in interest with those defendants through the greater part of that litigation, and did, either as a corporate body, or through the individual stockholders in the present defendant corporation, contribute to the expenses of those suits, or one of them. It is also admitted that this "new evidence" was in some degree, and to some extent at least, known to those who were defending the New York cases before the close of that litigation, but for reasons considered satisfactory was not presented then to the consideration of the court. It is offered now in opposition to the motion for a preliminary injunction. These patents having been twice sustained as valid, I do not think it proper, or, indeed, necessary, to discuss upon the pending motion the probable effect of the alleged new evidence, or whether laches in its production will deprive the defendants of the right to offer it as a part of their defensive case, to be considered on final hearing, or whether they are not estopped from attacking in any way the validity of the letters patent by reason of their alleged privity with the defendants in the New York litigation. It is enough to say that, whatever may be the defendants' rights in the premises, or whatever may be the legal effect of this evidence, these questions must wait for settlement, under the circumstances, until the cause comes before the court on final hearing, and ought not now to be permitted to deprive the complainants of the fruits of the victory which they have gained.

It was stated upon the argument of this motion that an appeal had been duly taken from the decree of the circuit court in New York to the circuit court of appeals for the second circuit, and that such appeal would be speedily heard and determined. As the motion for the preliminary injunction is granted in the case at bar solely upon the ground of the adjudications in the circuit court in New York, if the circuit court of appeals should reverse the decree of the circuit court defendants may apply immediately for a dissolution of this injunction. As the preliminary injunction now granted will of necessity, seriously affect the operations and business of the defendants, and as there is a possibility that the appellate court in New York may reverse the decree of the circuit court sustaining the validity of these letters patent, it is equitable, in my judgment, that before the writ of injunction issue the complainants shall execute and file with the clerk of this court a bond in the penal sum of $10,000, with sureties to be approved by the court, conditioned to pay to the defendants all such pecuniary damage as the defendants may sustain or suffer in their business or operations by reason of the granting of this writ if the same shall be dissolved for the cause stated, or for other good and sufficient causes.