ARMAT MOVING PICTURE CO. v. EDISON MFG. CO.

(Circuit Court, S. D. New York.   December 16, 1902.)

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
   Where a patent has been sustained at final hearing after strong opposition, a preliminary injunction against another infringer will not ordinarily be refused upon affidavits to a prior public use.

2. SAME—DEFENSE OF LICENSE—MEASURE OF PROOF REQUIRED.
   The defense of license from some one who is claimed to have had an interest in the patent sued on is one to be made out by the defendant by a fair preponderance of proof.

In Equity.   Suit for infringement of patent.   On motion for preliminary injunction and motion for rehearing.

Church & Church, for the motion.
Richard N. Dyer, opposed.

LACOMBE, Circuit Judge.   The patent in suit was before Judge Hazel at final hearing on a voluminous record, and he discussed it in a long and careful opinion (118 Fed. 840), in which he appears to have considered all of the various defenses now urged in opposition to this motion.   No new prior patent or publication is produced.   The only new evidence is as to experiments conducted by Thomas A. Edison, terminating, as the affiants aver, on some date prior to the application for patent in suit, in a completed machine, which, if it then existed, would probably be an anticipation.   But, where a patent has been sustained at final hearing after strong opposition, it is not usual to refuse preliminary injunctive relief against another infringer upon affidavits to a prior public use.

There seems to be no suggestion of noninfringement of the patent, when construed as it has been in the earlier case.

The motion for preliminary injunction is granted.

### On Motion for Rehearing.

(January 3, 1903.)

LACOMBE, Circuit Judge.   The defense of license from some one who it is claimed has some interest in a patent sued upon is one to be made out by defendant by a fair preponderance of proof.   In this case there seems not to be sufficient identification of the invention of the patent in suit to Armat & Jenkins with the invention of Jenkins himself, which was the subject of his contract with the Graphophone Company.   It is thought, therefore, that the moving papers do not present sufficient reasons for modifying the injunction already granted, and the motion for rehearing is denied.

The order of denial should itself contain a clause continuing the injunction, so that, if defendant decides to appeal, all the papers used on original hearing and on application for rehearing may be brought before the appellate court.