### MILLER et al. v. WALKER PATENT PIVOTED BIN CO.

(Circuit Court of Appeals, Third Circuit. June 27, 1905.)

**PATENTS—INFRINGEMENT—TILTING BINS.**

> The Walker patent, No. 614,279, for a tilting, pivoted, and counterbalanced bin, for store use, *held* not anticipated, valid, and infringed, as to claim 1, by two different styles of bin made by defendants, both operating on the same principle as that of the patent.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Henry E. Everding, for appellants.
Ernest Howard Hunter, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

GRAY, Circuit Judge. This is an appeal from the decree of the Circuit Court of the United States for the Eastern District of Pennsylvania, in a suit in equity, in which the Walker Patent Pivoted Bin Company, the appellee, was complainant, and the appellants were the defendants. The bill prayed the restraint of an alleged infringement of letters patent No. 614,279, granted to Edwin J. Walker, November 15, 1898, for an improvement in pivoted or tilting bins. The appellee claims ownership to the patent by assignment, and such ownership is not disputed. The answer of the defendants-appellants denies infringement of said patent, and alleges that the patent is void, in view of the prior state of the art. The decree affirmed the validity of the patent and ordered an injunction and an accounting against the appellants. The validity of the patent here in suit had been passed upon and sustained in the court below, by the same judge (Archbald, District Judge, specially assigned) in a previous case between the same complain-

ant and other alleged infringers. No useful end would be served by attempting to supplement the thorough, and to us satisfactory, discussion of the questions here involved, presented by the opinions in both cases. We therefore adopt the opinion of the court below in the case before us (132 Fed. 823) which is as follows:

The patent in suit was considered and sustained in this court in Walker Patent Pivoted Bin Co. v. Brown and Krause (C. C.), 110 Fed. 649; and while the defendants, not being parties, are not bound thereby, yet, as was said in Penfield v. Potts, 126 Fed. 475, 61 C. C. A. 371, "a decent respect for the stability of judicial decision and a proper regard for the security of property in the same patent" require that this shall not be disturbed, unless there was very palpable error.

So far as the same references are relied upon to negative novelty, nothing particularly new is suggested, and as to this the same conclusion must therefore be reached. The Schultz (1861), the Porter (1867), and the Powell (1885) are additionally cited, but neither of them differs materially from the Stewart, the Carr, or the Burgett, previously considered; each being simply different forms of tilting, pivoted, more or less counterbalanced bins. That of the complainants belongs to the same general class; but, as pointed out before, it is distinguished from the rest by its swell front, and—except as to the Carr—by the location of the axis of oscillation at the front edge of the supporting casing, whereby a more perfect counterbalancing is secured. The attempt that is made to prove that the invention could be realized by changing over some of the others, such as the Stewart, only serves the more to emphasize the distinction. Not only do the proposed changes fall far short of their purpose, but to the extent that they go in that direction they work a practical transformation. The Stewart, made over, is neither itself, nor the bin of Walker, nor, for that matter, anything that any one would be likely to construct or use, which is fair proof, not only of the underlying difference between the two, but of the invention involved in devising it. The required changes are not mere matters of degree, as argued, but are substantial, and go to the creation of a new character of bin. I see no occasion, therefore, for departing from my previous opinion, by which the patent was upheld, and the only question now is whether it has been infringed.

The first claim, which is the one relied upon, is as follows:

**Complainants' Bin.**          **Defendants' Bin (First Type).**

"(1) The combination with a casing, comprising a bin chamber, of a bin tiltably mounted in said chamber, and of depth substantially equal thereto, the axis of oscillation of said bin being at the front edge of said casing, and a counterbalance-front for said bin projecting forward of said axis, substantially as and for the purpose set forth."

The defendants manufacture two different types of bins, both of which in general outline pattern exactly after that of the complainants. The identity is so complete that, as in the case of Brown and Krause, referred to above, the intent to copy is manifest; a persistence in resorting to this particular form of bin, in the face of the decision upholding the patent by which it is protected, which is strongly persuasive of its utility and value. The only attempted distinction between them is with respect to the axis of oscillation.

In the first type the bin, instead of rocking on the front edge of the casing, turns on a hinge, one leaf of which is fastened to the under exterior face of the swell front of the bin, and the other to that of the casing; the pintle or axis of the hinge being at the point where the two meet. It is said that this locates the axis of oscillation, not, as called for by the patent, at the front edge of the casing, but beyond and ouside of it. But this is a splitting of hairs. The complainants' bin, in rocking back and forth, turns on the point where bin and casing come together, which is accurately described as at the front edge of the latter, and the defendants' bin, with its hinge, does the same. There may be a fraction of an inch displacement between the two, but it is not sufficient to affect or change the relation or the attendant mode of operation, which are alike in both.

It is said, however, that the defendants' bin is not supported or mounted in the casing, but is held up by the hinge on which it turns, and does not, therefore, rock on the front corner of the casing, as called for by the specifications. But this contention is little better than the first. The bin would be nothing without the casing to form a chamber for it; nor would the hinge be a support, except as it was affixed thereto. And while the inventor is particular to state that he does not intend to limit himself to the precise embodiment of the invention which is shown, nevertheless, adhering strictly to the specifications, the bin to all intents and purposes rocks upon the front corner of the sustaining structure, as well with a hinge at that point as without it. The extreme expedients to which the defendants are thus compelled to resort in order to escape, if possible, the charge of infringement, only fasten it the more upon them.

The second type of bin is also the same in form as that of the complainants. But, instead of turning on a hinge, like the first, it is mounted upon links or hangers, the upper extremities of which are pivoted on the sides of the ·

Defendants' Bin (Second Type).

bin chamber, and the lower extremities end in hooks, which engage pins on the sides of the bin at the front edge of the casing.

By reason of this double pivoting there are two axes of oscillation, although for different and distinct purposes; one at the upper end of the links and the other at the lower. The former enables the bin to be drawn forward out of the bin chamber, into which it swings back again, when released, through the retracting effect of the links; while it rocks, when in ordinary working position, on the pins by which it hangs in the hooks of the links, at the front edge of the enclosing structure. Aside from its ability to swing forward out of the casing, it thus fulfills in every particular the terms of the claim; being tiltably mounted in the bin chamber, and of a depth substantially equal thereto, having a counterbalance front projecting forward of the axis of oscillation, and such axis being located at the front edge of the casing. The invention is not confined, as we have seen, to any particular character of

axis, not being addressed to the means, so much as the place; and it is therefore just as fully realized, if the axis is a pin turning in the end of a hanger or link at the place designated, as if the bin rocked at that point on the casing itself.

It must be recognized, however, that by reason of the bin being hung, as it is, on links, the axis shifts at times, and the question is with regard to the effect of this superadded feature. There is nothing particularly novel in suspending and tilting a bin upon links or hangers, this being shown in the Gage (1893) and the Inger (1895). The only thing is that, if the defendants by the use of this device have produced a new character of bin, they are entitled to the benefit of it. This depends, however, on whether, for the rest, they have drawn on their own resources or appropriated the ideas of others; and there is just the difficulty. Every feature of the complainants' invention has been taken bodily, and the combination which the defendants have put together cannot be made out without it. This, moreover, is without any new mode of operation or effect resulting therefrom, but consists only in something grafted on. Notwithstanding that the bin is hung as it is, and is therefore able to be swung forward from the casing, it still remains a tiltable, swell-front, counterbalanced bin, pivoted to this end at the front edge of the casing. The feature which has been superadded may contribute to its general handiness, and to such extent an improvement may have been produced. But, even so, being built upon the complainants' device, it must pay tribute accordingly. The shifting of the axis, moreover, is merely temporary, to accomplish a certain disconnected purpose; and, when the bin is restored to its normal operative position in the bin chamber, the axis takes its place as before at the edge of the casing, where it must be to get the advantage of the special tilting and counterbalancing effect which is the feature of the invention. This type of bin, therefore, offends as much as the other, and infringement must be declared in consequence as to both.

The decree of the court below is hereby affirmed.