MILLER et al. v. WALKER PATENT PIVOTED BIN CO.

(Circuit Court of Appeals, Third Circuit. May 16, 1906.)

No. 10.

PATENTS—ANTICIPATION—TILTING BINS.

The Bacon patent, No. 447,532, for a tilting bin, is void for anticipation.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

H. E. Everding, for appellants.

E. H. Hunter, for appellee.

Before DALLAS and GRAY, Circuit Judges, and LANNING, District Judge.

GRAY, Circuit Judge. This is an appeal from the decree of the Circuit Court, for the Eastern District of Pennsylvania. The appellants here, as assignees of letters patent No. 447,532, dated March 3, 1891, granted to Byron R. Bacon and Thomas R. Sully, for an improvement in tilting or counterbalanced store bins, filed their bill, alleging infringement and asking for an injunction against the appellees, the Walker Patent Pivoted Bin Company, as defendant. The court below made no decision upon the question of validity, in view of the prior patents set up by defendant, but based its decision wholly upon the ground, that if Bacon's patent disclosed invention at all, it was invalid, by reason of anticipation in the invention by Edwin J. Walker, president of the defendant company. Claims on patents for improvements in tilting or counterbalanced store bins have now been litigated in three suits in the court below, and have been considered on appeal by this court in a case in which the parties now before us were litigants, and the opinion of the court below was affirmed. Miller v. Walker Patent Pivoted Bin Co. (C. C. A.) 139 Fed. 134. In the present case, the defendants in the suit last mentioned are the complainants, and the complainants in that suit the defendants. All of the three suits referred to, including the one now before us, were heard and decided by the same judge (Archbald). In the case involved in the present appeal, the learned judge has for the third time fully considered the art to which the patent in suit belongs, and fully covered in his opinion all the points raised by way of defense by the appellants.

No useful purpose would be subserved by a separate opinion, and we content ourselves with referring to and adopting the opinion of the court below, as reported. Miller & England v. Walker Patent Pivoted Bin Co. (C. C.) 138 Fed. 919.

The decree of the court below is affirmed.