## WALKER PATENT PIVOTED BIN CO. v. BERNARD GLOEKLER CO.

### (Circuit Court, W. D. Pennsylvania. August 3, 1909.)

### No. 31.

1. PATENTS (§ 328*)—INFRINGEMENT—TILTING BIN.
    The Walker patent, No. 614,279, for a tilting bin, *held* valid and infringed on a motion for preliminary injunction.

2. PATENTS (§ 297*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
    Where a patent has been sustained on final hearing by a Circuit Court and also by the Circuit Court of Appeals, a preliminary injunction against its infringement should not ordinarily be denied by another court in the same circuit on affidavits attacking its validity.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481-488; Dec. Dig. § 297.*

    Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity. Suit by the Walker Patent Pivoted Bin Company against the Bernard Gloekler Company. On motion for preliminary injunction. Motion granted.

Ernest Howard Hunter and J. P. Sproul, for plaintiff.
J. M. Nesbit and W. G. Doolittle, for defendant.

ORR, District Judge. The patent in this suit was considered and sustained by the Circuit Court for the Eastern District of Pennsylvania in the suit of Walker Patent Pivoted Bin Co. v. Brown et al. (C. C.) 110 Fed. 649, and again by the same court in Walker Patent Pivoted Bin Co. v. Miller et al. (C. C.) 132 Fed. 823, which last decision was affirmed on appeal. Miller et al. v. Walker Patent Pivoted Bin Co., 139 Fed. 134, 71 C. C. A. 398.

[1] This is a bill filed for an infringement of the same patent in which the defendants again attack the validity of claim 1, notwithstanding the careful consideration given to such claim by Judge Archbald, who decided both the cases in the court below, and whose opinion was adopted in the Court of Appeals in the case last cited.

Claim 1 in the letters patent which were granted to Edwin J. Walker, November 15, 1898, No. 614,279, reads as follows:

"The combination with a casing, comprising a bin chamber, of a bin tiltably mounted in said chamber and of depth substantially equal thereto, the axis of oscillation of said bin being at the front edge of said casing, and a

---

counterbalance front for said bin projecting forward of said axis, substantially as and for the purpose set forth."

It is well shown in those cases that the novelty of complainant's bin is the location of the axis at the front edge of the casing *and* the ·formation ·of the counter-balancing swell front beyond that axis. Infringement is denied on the ground that the defendant's bin is simply a box projecting out of the bin casing and allowed to assume a tilted position. The bottom of defendant's bin back of the axis of oscillation lies in the same plane with the bottom of the swell front. In fact that portion of the bottom of defendant's bin extending in front of the bin casing and connecting with the front of said bin makes a counterbalance swell front for said bin projecting forward of said axis. The most important feature of the Walker patent ·is clearly seen in the defendant's bin. So far as I can see there is nothing in the defendant's case which would justify refusing to the complainant the relief which it asks for.

[2] The affidavits presented by the defendant ·for the purpose of furnishing new evidence in respect to anticipation are uncertain, if not evasive, and therefore insufficiently convincing. Were they otherwise, because the patent has been sustained in other suits, a preliminary injunction would not be denied. Armat Moving Picture Co. v. Edison Mfg. Co. (C. C.) 121 Fed. 559; American Graphophone Co. v. International Record Co. (C. C.) 155 Fed. 427; Consolidated Fastener Co. v. Hays (C. C.) 100 Fed. 984; New York Filter Mfg. Co. v. Niagara Falls Water Works Co., 80 Fed. 924, 26 C. C. A. 252; American Bell Telephone Co. v. Cushman (C. C.) 57 Fed. 843; Macbeth v. Braddock Glass Co. (C. C.) 54 Fed. 173; Brush Electric Co. v. Accumulator Co. (C. C.) 50 Fed. 833.

Again, defendant's resistance to the motion on the ground of complainant's laches should not be seriously considered. The litigation complainant was put to by other infringers was sufficient reason for delaying proceedings against the defendant.

A preliminary, injunction should issue. Let an order be drawn accordingly.