### BERNARD GLOEKLER CO. v. WALKER BIN CO.

(Circuit Court of Appeals, Third Circuit. May 21, 1915.)

No. 1947.

PATENTS ⬅️328—INFRINGEMENT—TILTING BIN.
 The Walker patent, No. 614,279, for a tilting bin, designed chiefly for use in grocery stores, *held* infringed.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit in equity by the Walker Bin Company against the Bernard Gloekler Company. Decree for complainant, and defendant appeals. Affirmed.

Ralph C. Powell, of Pittsburgh, Pa., for appellant.
Ernest Howard Hunter, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. This is an appeal from a decree holding the patent in suit valid and infringed.

The bill of complaint charges infringement of letters patent No. 614,279, granted November 15, 1898, to Edwin J. Walker, for a tilting bin. Having been many times adjudicated, the validity of the patent is admitted. The one defense is noninfringement, and this involves the scope of the patent as defined by the first claim, which is the only claim in issue.

The complainant's patent is for an improvement in bins of the kind commonly used in grocery stores for keeping commodities in bulk, which permit display without exposure, and facilitate the removal of their contents. Such bins are either encased in the shelves or placed beneath the counter, and are usually pivoted at the bottom within a receptacle or bin chamber with a front flush with the elevation of the shelf or counter. They are adapted to be rocked on a pivot in order easily to withdraw the open top of the bin from beneath the counter and obtain access to its interior. Many, if not all, tilting bins, possess, in greater or lesser degrees, two characteristics, one an axis upon which the bin is tilted, and the other a counter-balance, effected by so con-

structing the bin that a portion of its contents shall be upon each side of a line extending vertically through the axis of rotation. These characteristics distinguish a tilting bin from an ordinary drawer. Pivoted tilting bins are old in the art. Counterbalancing bins are likewise old. Bins with a counterbalance in front of the axis of oscillation existed before the invention of Walker.

The contribution to the art made by Walker, for which he was granted a patent, consists of—

"The combination with a casing, comprising a bin chamber, of a bin tiltably mounted in said chamber, and of a depth substantially equal thereto, *the axis of oscillation of said bin being at the front edge of said casing, and a counterbalance front for said bin projecting forward of said axis.*"

In other words, the things that distinguish Walker's bin from all other bins, as it is claimed, are the location of the axis of oscillation at the front edge of the casing, and a counterbalancing front forward of the axis, and of necessity projecting beyond the casing, thereby producing a more perfect counterbalance and increasing the capacity of the bin.

The bin of the Walker patent is an open top box of irregular shape, a sectional view of which presents a five-sided figure, no two sides of which are parallel. It is placed within, and is supported upon the horizontal floor of, a rectangular casing. Two of the sides of the bin are built out beyond the casing and form the counterbalancing front. This front, which is termed in the patent a swell front, is inclined from the top downward and outward like the front of a show-case, has a glass face, and is upon a slope that readily enables one standing in front or above it to observe the contents of the bin. The front edge of the under part of the floor of the bin pivots upon the front edge of the upper part of the floor of the casing, the oscillatory movement being controlled and restricted by a lug projecting from the former into a socket sunk into the latter.

Simple as this arrangement is, the considerable litigation that has revolved around it suggests that it is of considerable value. In this litigation, prosecuted in several jurisdictions and covering nearly the life of the patent, the validity of the patent has uniformly been sustained, and the devices designed to escape its claims, have uniformly been found infringements.

The earliest case involving the validity and infringement of the Walker patent, was Walker Patent Pivoted Bin Co. v. Brown (C. C.) 110 Fed. 649, decided by the Circuit Court for the Eastern District of Pennsylvania, in 1901, in which the infringing bin was so like the bin of the patent that the trial judge did not find it necessary to describe it. Therefore, in that case, the important question decided was the validity of the patent.

The next case was Walker Patent Pivoted Bin Company v. Miller and England (C. C.) 132 Fed. 823, decided by the same court in 1904. The defendants in that case endeavored to avoid the location of the axis of oscillation upon the front edge of the casing, as called for by the Walker patent, and to escape infringement, by swinging the bin from joints or hangers, the upper extremities of which were pivoted

on the opposite sides of the bin chamber, and the lower extremities of which were pivoted on the two, sides of the bin at points in direct proximity to the front edge of the casing. By suspending the axis of oscillation over the front edge of the casing at relatively the same pivotal point called for by the Walker patent, the court held that the bin of the defendant was within the scope of the Walker patent, although the claim of the Walker patent placed the axis "*at* the front edge," and the specifications contemplated the bin to be "rocked *upon* the edge" of the casing, and found the patent infringed. On appeal to this court, the decree was affirmed. 139 Fed. 134, 71 C. C. A. 398.

The next case was one in which the defendant in this suit first appeared in the Walker patent litigation. It was instituted by Walker Patent Pivoted Bin Company against Bernard Gloekler Company (C. C.) 188 Fed. 435, in the Circuit Court for the Western District of Pennsylvania (not reported). The bin of the defendant was a rectangular box, supported in an inclined position on the slanting floor of the bin chamber. The slant or forward and upward tilt of the floor of the bin chamber caused the front of the bin to project and to expose an angle of the bin beyond the axis of oscillation. The part of the bin thus protruding beyond the chamber formed a counterbalancing front. The axis of oscillation was a round bar across the front of the casing after the means employed, as we are informed, by Brown, the defendant in the case first cited. A preliminary injunction was granted.

In the case of the Walker Bin Co. v. Leibe, brought in the Circuit Court for the Eastern District of Louisiana, and its decree affirmed by the United States Circuit Court of Appeals for the Fifth Circuit (not reported), the bin of the defendant, instead of being suspended by a single joint or hanger, as in the Miller and England bin, was suspended on each side upon three joints or hangers, so arranged, however, that when the bin was pulled forward the result was a tilting of the bin upon an axis established by the elongation of two hangers at a point corresponding precisely to the edge of the casing at which the axis of the Walker bin is located. The patent was found infringed.

In the case of Walker Bin Company v. Cincinnati Butchers' Supply Co., heard in the District Court for the Southern District of Ohio, decided without an opinion and not reported, the bin of the defendant found to be an infringement, approached the rectangular form of the first Bernard Gloekler Company bin, and like it, was located upon the floor of the bin upwardly inclined so as to throw the front of the bin out of the casing at an angle, and in that way obtained a counterbalancing front. On the under part of the floor of the bin, at a point corresponding with the front edge of the floor of the casing, were two wheels, which were elevated and which supported the front part of the floor of the bin, and constituted the axis upon which the bin was tilted. As the point at which the tilt occurred was the "front edge of the casing" at which Walker placed his axis of oscillation, the court held that by using wheels as an axis instead of the pivotal means employed by Walker, the defendant did not escape infringement.

The alleged infringing bin of the defendant in the case under consideration is a box of irregular shape, a sectional view of which presents

a trapezium. It is placed in a bin casing with a floor inclining upward as in the first bin casing of Gloekler and in the imitation casing of the Cincinnati Butchers' Supply Company. When a bin is placed upon such an incline, the effect is to thrust or project its front beyond the front of the casing, and to make of the front of the bin an acute triangle, with the apex above and the base below, thereby giving the bin a swell or counterbalancing front extending beyond the axis of oscillation. There are no pivotal means used upon the front edge of the floor of the casing, but one inch back from the front edge of the floor and on opposite sides of it, are two rollers or inverted casters. These casters are not sunk or morticed into the floor of the casing but stand erect a distance equal to their height, which is about five-eighths of an inch. These constitute the axis of oscillation, but not necessarily the primary axis of oscillation. Three or four inches back from the rollers or casters and attached to the bin is a steel band or check which, by striking the casters, limits the distance which the bin may be pulled out. When access to the interior of the bin is desired, it may be opened in two ways, first, by pulling it down without pulling it out. It is then opened in exactly the same way the Walker bin is opened. When this is done by applying enough pressure, the axis of oscillation is at and upon the front edge of the bin casing precisely as in the Walker patent. But the defendant's bin is not intended to be tilted in that way, for when so tilted, the opening at the top, while sufficiently extended to permit the introduction of a small scoop, is not opened wide enough to make the use of the bin entirely practicable. The theory of the construction of the bin requires it to be pulled out on the rollers or casters until it is stopped in its transit by the steel band or check and then, using the rollers as the axis of oscillation, the bin is pulled down or tilted to its widest extent in precisely the same way in which the glass front of a Globe-Wernicke sectional bookcase is drawn out and then dropped down on the axis maintained in the casing, but unlike the front of a sectional bookcase, the bin is stopped before it is drawn out to its full extent. The difference in the location of the axes of the two bins in controversy is, that the axis in the Walker bin is at the front edge of the floor of the casing, while the axis of the defendant's bin, at first view, is one inch back from the front edge. If the defendant's bin did not have an elevated axis, it would be impossible to tilt it without using the precise front edge of the floor of the casing for an axis, and thereby squarely infringing Walker's patent. To avoid this, the defendant moved the axis of its bin one inch back from the front edge of the casing, and in order to get the precise result that Walker gets, raised the axis by means of casters to an elevation sufficient to permit the bin to tilt and to tilt over the front edge of the floor of the casing at relatively the same point at which Walker's bin tilts. In doing this, the defendant has striven to obtain what every other infringing defendant attempted, namely, the use of the front edge of the bin casing as the real pivot or axis of oscillation, by some means mechanically different from that employed by Walker, and like the others, it has failed because it appropriated the thing which gives to the Walker device its chief value.

225 F.—4

In the Walker patent, the counterbalancing front projects immediately forward of the axis, and in size is the same at all times. The defendant's counterbalancing front is likewise in front of its axis of oscillation. If tilted upon the edge without being drawn out, the front and the location of the axis of oscillation are the same as those of the patent in suit. When the bin is drawn out a distance of three inches, the counterbalance of the front is increased by the projection of the bin and is still immediately in front of the secondary axis of oscillation. This increase of counterbalance is but an addition to the counterbalance that may be found in the Walker bin. When the two bins are stationary and in place, the counterbalancing or swell fronts are in all essentials identical. When the bin of the defendant is pulled out, the counterbalance is only increased or added to as the bin is moved, and produces the same result in substantially the same way as intended in the bin of the Walker patent. We are therefore of opinion that the defendant has infringed the patent in suit by embracing the elements of the claim which form its two controlling characteristics, in locating the axis of oscillation in such a relation to the front edge of the casing as to obtain the front edge tilt of the bin of the patent, in combination with a counterbalancing front projecting forward of the axis and beyond the bin casing.

The decree is affirmed.