CINCINNATI BUTCHERS' SUPPLY CO. v. WALKER BIN CO.

(Circuit Court of Appeals, Sixth Circuit.   February 8, 1916.)

No. 2666.

1. PATENTS ⬥⟞328—VALIDITY AND INFRINGEMENT—TILTING BIN.
   The Walker patent, No. 614,279, for a tilting bin, *held* valid and infringed.

2. PATENTS ⬥⟞327—SUITS FOR INFRINGEMENT—AUTHORITY OF PRIOR DECISIONS.
   Numerous and concurring decisions of courts of the same rank in respect to a patent should be followed, unless the evidence to the contrary is of that degree of certainty which amounts to a demonstration.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. ⬥⟞327.]

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; Howard C. Hollister, Judge.

Suit in equity by the Walker Bin Company against the Cincinnati Butchers' Supply Company. Decree for complainant, and defendant appeals. Affirmed.

Heidman & Street, of Chicago, Ill., and Ralph E. Clark, of Cincinnati, Ohio, for appellant.

Ernest Howard Hunter, of Philadelphia, Pa., Guy W. Mallon, of Cincinnati, Ohio, and A. E. Paige, of Philadelphia, Pa., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. [1] Suit on Walker patent, No. 614,279. We are strongly impressed that the claim of the patent is not ambiguous enough to permit it to be read so as not to cover the earlier Carr structure, unless we import into the claim a limitation contrary to the rule

on that subject. We also appreciate the (at least) considerable force in the argument that defendant's axis of oscillation is far enough back from the front edge of the casing so that defendant must have some of that waste clearance space, the avoidance of which was the patentee's declared object in locating his axis as specified in his claim, and likewise in the further argument that defendant's effective counterbalance is largely had by pulling out the bin before tilting. The reported opinions of other courts in former cases do not treat these points as completely as we presume would have been done if those courts had heard the arguments now here made; but the patentee is entitled almost to invoke the rule of stare decisis rather than merely the rule of comity.

[2] The validity of the patent has been many times held or assumed;* and two Circuit Courts of Appeals have found infringement in structures which cannot be substantially distinguished from that of defendant in this case. In the Gloekler Case, in the Third Circuit, the bin was practically identical with the one now involved; and the bin of the Liebe Case, in the Fifth Circuit, is not far removed. We could not acquit this defendant of infringement without finding both of these courts to be in error; but while we doubtless have that power, under Mast v. Stover, 177 U. S. 488, 20 Sup. Ct. 708, 44 L. Ed. 856, yet its exercise could be justified only by that degree of certainty which amounts to a demonstration. We think it is our duty here to adopt the principle declared by Judge Lurton, speaking for this court in Penfield v. Potts, 126 Fed. 475, 478, 61 C. C. A. 371, when he said that "a decent respect for the stability of judicial decisions and the proper regard for the security of property in patents" requires that prior decisions be followed, "unless convinced of a very palpable error in law or fact." Though he was speaking of a former decision of the same court, there comes a time when it must apply to concurring decisions of other courts of the same rank.

The decree must be affirmed; but, the patent having expired, obviously no injunction can issue, and the further proceedings below must be confined to the accounting.

*Walker Co. v. Brown (C. C. Pa.) 110 Fed. 649; Walker Co. v. Miller (C. C. Pa.) 132 Fed. 823; Miller v. Walker Co. (C. C. A. 3) 139 Fed. 134, 71 C. C. A. 398; Walker Co. v. Gloekler (D. C. Pa.), affirmed in 225 Fed. 46; Gloekler v. Walker Co. (C. C. A. 3) 225 Fed. 46, 140 C. C. A. 372; Walker Co. v. Liebe (D. C. La.) 224 Fed. 516, affirmed in 225 Fed. 45, 140 C. C. A. 371; Liebe v. Walker Co. (C. C. A. 5) 225 Fed. 45, 140 C. C. A. 371.