**NATIONAL LATEX PRODUCTS COM-PANY, Appellant,**

v.

**SUN RUBBER COMPANY, Appellee.**

**AKRON PRESFORM MOLD COMPANY, Appellant,**

v.

**SUN RUBBER COMPANY, Appellee.**

Nos. 13568, 13569.

United States Court of Appeals
Sixth Circuit.

March 10, 1960.

William C. McCoy, William C. McCoy, Jr., of McCoy, Greene & TeGrotenhuis, Cleveland, Ohio, Walter J. Blenko, of Blenko, Hoopes, Leonard & Buell, Pittsburgh, Pa., for National Latex Products Co.

Albert H. Oldham of Oldham & Oldham, Akron, Ohio, Walter J. Blenko, of Blenko, Hoopes, Leonard & Buell, Pittsburgh, Pa., for Akron Presform Mold Co.

A. L. Ely, of Ely, Frye & Hamilton, Akron, Ohio, for The Sun Rubber Co.

Before ALLEN and McALLISTER, Circuit Judges, and MATHES, District Judge.

---

PER CURIAM.

This case came on to be heard on appellants' motion that the above appeals be reheard by the Court en banc, and that this motion be disposed of by the Court sitting en banc, and also upon appellants' second petition for rehearing included in the same application with the motion, and upon appellee's motion to strike appellants' motion and the second petition for rehearing.

■ As to the motion, a Court of Appeals has the power to provide for sessions of the Court en banc. Western Pacific Railroad Case (Western Pacific Railroad Corp. v. Western Pacific Railroad Co.), 345 U.S. 247, 253, 73 S.Ct. 656, 97 L.Ed. 986.

■ A rule long established and never deviated from by this Court is that in cases heard and decided by a regular division of three judges, presenting similar motions for en banc proceedings, a petition to rehear and reconsider should not be considered by the Court en banc. National Labor Relations Board v. Cambria Clay Products Co., 6 Cir., 229 F.2d 433; Northwest Airlines, Inc. v. Glenn L. Martin Co., 6 Cir., 229 F.2d 434, 50 A.L.R.2d 882.

In the Cambria case supra the Court declared that the uniform procedure heretofore followed by the Court should not be departed from, namely, that in cases where the appeal was heard, and the judgment or order complained of was decided, by a regular Court consisting of three judges only, a petition to rehear or to reconsider should not be considered by the Court en banc. In the Northwest Airlines case supra the Court quoted the above statement from the Cambria case and also declared that the "uniform procedure" referred to in en banc cases was established "after full consideration by a majority of the Circuit Judges of this Circuit in active service". The latest decision on this question reaffirms the rule. National Bank of Detroit v. Wayne Oakland Bank, 6 Cir., 1958, 252 F.2d 537, 544.

The Court which heard and decided this case was, in contemplation of the statute, rules and procedures of the Court of Appeals for the Sixth Circuit, a regular Court of three judges only. It consisted of Chief Judge McAllister, Judge Florence Allen and Judge William C. Mathes, U. S. District Judge for the Southern District of California, Ninth Circuit, sitting in the United States Court of Appeals for the Sixth Circuit by designation and assignment under the statute. Under Title 28, Section 296, Judge Mathes is authorized, notwithstanding expiration of his designation and assignment to this Court, to decide or to join in the decision and final disposition of all matters submitted to him during such period, including applications for rehearing.

Judge Allen was designated by the Chief Judge of the Court of Appeals for the Sixth Circuit to sit in the division of the Court consisting of three judges only, which heard this case on Feb. 16, 1959, and also was designated and assigned by the Chief Judge to write the opinion. In the decision and final disposition of this case she is a regular Judge of the Court.

The motion that the appeals be reheard en banc, and that the motion be disposed of by the Court sitting en banc must be denied.

■ The petition for rehearing is appellants' second petition to rehear. Neither the applicable statute nor the rules of this Court authorize a second or successive petitions for rehearing. A pleading may be stricken out if not authorized by law or the rules governing the practice. Moreover the petition presents no questions that were not in substance presented in the first petition to rehear, discussed by the Court in a memorandum denying rehearing and denied in an Order entered January 13, 1960.

The statement in the memorandum that the squeeze bulbs manufactured by appellee in 1949 were "rubber" is incorrect.

It is ordered that the word "rubber" be and it hereby is eliminated from line

41, page 3, of the memorandum. It is ordered that the motion to reconsider the appeals en banc and to have the motion for reconsideration submitted to the Court en banc be and it hereby is denied. It is ordered that the second petition for rehearing be and it hereby is denied.