FARR COMPANY, a Corporation, Appellant,

v.

AMERICAN AIR FILTER COMPANY, Inc., a Corporation, Appellee.

No. 16668.

United States Court of Appeals Ninth Circuit.

May 17, 1963.

Richard E. Lyon, Los Angeles, Cal., for appellant.

Fulwider, Mattingly & Huntley, Walter P. Huntley and Frederick E. Mueller, Los Angeles, Cal., Keith, Bolger, Isner & Byrne, W. D. Keith and Robert E. Isner, New York City, and Edward C. Arenz, Louisville, Ky., for appellee.

Before STEPHENS, JERTBERG and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge.

This appeal involves United States Letters Patent No. 2,807,330, issued to plaintiff, American Air Filter Company, assignee of Richard D. Rivers, the inventor.

In this opinion the parties will be referred to by their designations in the District Court. Plaintiff brought this action for infringement against the Farr Company, seeking damages and an injunction. Defendant urged as defenses anticipation and lack of invention, as well as overclaim and indefiniteness and uncertainty of the patent claims. Judgment went for the plaintiff and defendant has appealed. We conclude that the judgment must be reversed and the action dismissed.

The Rivers' patent relates to a device for filtering air. It contains five claims; they define a roll of filter webbing, a method of manipulating the webbing in a roll-type filter, and a filter apparatus. Specifically, Claim One claims a preformed supply roll consisting of a strip of "expansible-compressible" webbing tightly wound so as to be compressed to less than half its expanded thickness on a mandrel or spool. Claims Two and Three claim the method for progressively removing and expanding from the supply roll the "expansible-compressible" web, moving it through an air stream and thereafter progressively recompressing and winding the used web onto a take-up spool to form a disposable package; and Claims Four and Five claim a means to condition and manipulate the webbing in the manner specified in Claims Two and Three.

The roll filter described in the Rivers' patent is similar in construction and operation to the familiar roll film photographic camera, in which a length of unexposed film, wound on a spool, is advanced section by section over the camera's light chamber, exposed, and then wound onto a take-up spool for removal. Such filters were not new in the art; indeed it appears that they were the subject of patents long prior to Rivers' invention and that plaintiff itself had manufactured and sold them.

Defendant argues that the phrase, "expansible-compressible," used in the patent to characterize and describe the filter web is meaningless; but for the purposes of this appeal we assume that the term adequately defines a relatively thick, resilient, loosely structured, filamentous web made of animal hair, vegetable fiber, metallic and glass wools, and like materials. Such webs permit the passage of air at high velocity and, due to their bulk, present a large effective surface area to screen solids and other foreign matter from the air stream; they are very efficient and for many years have been commonly used in unit filters. The

unit filter is much less convenient than the roll filter; the former makes no provision for a supply of filter material contained on a spool but employs a single section of webbing, rigidly held in a frame or cell, which must be manually replaced at relatively frequent intervals.

However, defendant vigorously argues that Rivers' invention was anticipated, because "expansible-compressible" webbing had been previously proposed for the roll as well as the unit filter. The record shows that the Christofferson Patent No. 1,982,639 for a roll filter specifies webbing composed of "very finely carded cotton fiber" which is "loosely felted" and "of exceptionally low resistance to the passage of air therethrough while at the same time having maximum efficiency in removing impurities." And another roll filter patent, Dollinger No. 2,016,991, also describes a material of "extremely fine fibers of paper, cotton, wool, asbestos, etc. lightly held together to form a relatively thick filtering medium in a very loose or porous condition." In addition, plaintiff's own roll filter marketed under the name "Auto-AIRMAT" used a thin diaphanous paper which may have been "expansible-compressible." [1]

But the trial court found that issue against the defendant. It further found that the prior art taught only less efficient filter media in roll filters; those tightly structured which, although effective to screen smaller solids unduly checked the flow of air, and those loosely structured which passed air at high velocity but were too thin to present an adequate screening surface. We accept these factual findings without pausing to critically examine into their validity.

It thus appears that, in defining a method of filtering air by using webbing, concededly old, in an apparatus which was likewise old, Rivers did contribute something to the art; he achieved in one filter the cleaning efficiency of the unit filter and the automatic feature of the roll filter.

Of course, without some mechanical alteration, the old roll-type filter would not accommodate the substitute material. "Expansible-compressible" filter material is resilient and automatically expands to normal thickness when unwound from the supply spool, but to recompress the used web into a disposable roll of convenient size, it must be tightly wound and the tension necessary to accomplish this latter operation causes the web to stretch and narrow or "neck". Necking in the filtering zone causes the edge of the web to retract from the guideways through which it travels, permitting the passage of contaminated air. To prevent this the Rivers' patent describes a power driven "hold-down" roller and plate located between the take-up spool and the air filtering zone; together the roller and plate grasp the moving web in somewhat the same fashion as a washing machine wringer and prevent the pull exerted by the take-up roll from being translated to the section of web that is being used. In addition, "expansible-compressible" filter material is of loose composition and tends to be displaced into a concave shape and to be blown apart by the force of the rapidly moving air stream. To provide needed support the Rivers' patent describes an endless porous conveyor belt positioned against the upstream face of the web.

There is a presumption of validity which arises from the opinion of the patent office and is strengthened by the concurrence of the District Court. But, here the state of the prior art and the nature of the Rivers' contribution are for the most part undisputed, and in the areas where a dispute does exist we have assumed the facts in plaintiff's favor. Whether Rivers' contribution is of sufficient novelty to be patentable is therefore a question of law, based upon the rule that a combination of old elements.

---

1. Defendant's expert witness testified without contradiction that actual tests showed that the mere winding on the supply spool caused Auto-AIRMAT paper to be compressed to less than one-half its expanded state, precisely the degree of compression specified in the Rivers' patent.

is patentable invention only if the elements take on some new quality or function by being brought into concert and their combination results in unusual or surprising consequences. Great Atl. & Pac. Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L. Ed. 162 (1950); William T. Alvarado Sales Co. v. Rubaloff, 263 F.2d 926 (9th Cir., 1959), cert. denied, 360 U.S. 910, 79 S.Ct. 1295, 3 L.Ed.2d 1260 (1959); Stearns v. Tinker & Rasor, 220 F.2d 49 (9th Cir., 1955), cert. denied, 350 U.S. 830, 76 S.Ct. 62, 100 L.Ed. 741 (1955); Photochart v. Photo Patrol, Inc., 189 F. 2d 625, 627–628 (9th Cir.1951), cert. denied, 342 U.S. 867, 72 S.Ct. 107, 96 L.Ed. 652 (1951). The responsibility for the determination of that question is ours and we cannot abdicate to another court or agency. Kwikset Locks, Inc. v. Hillgren, 210 F.2d 483, 487–488 (9th Cir., 1954), cert. denied, 347 U.S. 989, 74 S.Ct. 852, 98 L.Ed. 1123, 348 U.S. 855, 75 S.Ct. 78, 99 L.Ed. 673 (1954).

■ "The function of a patent is to add to the sum of useful knowledge. Patents cannot be sustained when, on the contrary, their effect is to subtract from former resources freely available to skilled artisans. A patent for a combination which only unites old elements with no change in their respective functions, such as is presented here, obviously withdraws what already is known into the field of its monopoly and diminishes the resources available to skillful men." Great Atl. & Pac. Tea Co. v. Supermarket Equip. Corp., supra, 340 U.S. at 152–153, 71 S.Ct. at 130–131, 95 L.Ed. at 162.

Surely the compressed supply roll of "expansible-compressible" webbing, which was the subject of Rivers' first patent claim, does not satisfy the strict requirement laid down by the Supreme Court. There was nothing unusual or surprising about such a roll, for long before Rivers conceived his invention this particular kind of webbing was not only known and in general use for filtering air, but was commonly wound in tight rolls to facilitate handling and storage. The Rivers' patent taught the winding of webbing on a spool in the usual way that elongate strips of any material are wound on spools and here it is clear that neither the web nor the spool took on new qualities or functions by being so brought into concert.

Likewise Claims Two and Three, the method claims of the patent, do not meet the standards of invention. Essentially the Rivers' method consists of a series of steps in which an old filter material is manipulated in a new manner in an old filter apparatus to filter air. While the combination of operations was a good idea, we are unable to perceive that any of the requisite unusual or surprising consequences resulted. See Kalich v. Paterson Pac. Parchment Co., 137 F.2d 649 (9th Cir., 1943). Indeed, the appellee expressly acknowledged and the court found that the invention "brings no improved result insofar as the cleaning of the air is concerned because the old filter media which is subjected to the patentee's new mode of manipulative operation does not thereby, become enhanced in its air cleaning properties."

The means was no better than the method. The structural weakness of loosely compacted webbing and its tendency to stretch under tension were well known facts. What was required was the addition to existing means of elements to counteract these characteristics. We are satisfied that it was obvious to a skilled mechanic that such ordinary devices as the hold-down roller and the conveyor backing would meet this problem. Their adaptation to the roll filter did not require an exercise of the inventive faculty.

■ ■ Plaintiff emphasizes that the filtering of air is an old and crowded art; that although there was a long-felt want for a filter embodying the advantages of the Rivers' device, none of the skilled mechanics of the art had done more than improve constructional details of prior devices; and that the patented filter met with prompt commercial success and even partially displaced prior art devices. Plaintiff argues that these facts all constitute clear indicia of invention. But,

as one court has said with respect to commercial success, such factors are "at the most weak reeds for a patentee to lean upon." McCord Corp. v. Beacon Auto Radiator Co., 193 F.2d 985, 989 (1st Cir., 1952). They may tip the scales in favor of invention where the question is close and the court in doubt, but where invention is clearly lacking they do not make for patentability. Altoona Publix Theatres, Inc. v. American Tri-Ergon Corp., 294 U.S. 477, 488, 55 S.Ct. 455, 79 L.Ed. 1005 (1935); Paramount Publix Corp. v. American Tri-Ergon Corp., 294 U.S. 464, 474, 55 S.Ct. 449, 79 L.Ed. 997 (1935); Photochart v. Photo Patrol, Inc., 189 F.2d 625 (9th Cir., 1951).

Our determination that there has been no invention makes it unnecessary to pass on the other issues. The judgment of the District Court is reversed.