**AMERICAN AIR FILTER COMPANY, Plaintiff,**

v.

**CONTINENTAL AIR FILTERS, INC., Defendant.**

Civ. A. No. 3534.

United States District Court
W. D. Kentucky,
at Louisville.

Aug. 20, 1963.

Squire Ogden, Ogden, Galphin & Abell, Louisville, Ky., Keith, Bolger, Isner & Byrne, New York, N. Y., for plaintiff.

Samuel R. Wells, Peter, Heyburn & Marshall, Louisville, Ky., Carl F. Schaffer, Owen & Owen, Toledo, Ohio, for defendant.

BROOKS, Chief Judge.

This case involving the validity of United States Letter Patent No. 2,807,-330, owned as assignee by plaintiff American Air Filter Company, Inc., has been held under submission awaiting the decision of the Ninth Circuit Court of Appeals in Farr Co. v. American Air Filter Co., Inc., which involved the same patent here in suit. The Farr case, which had been argued before the Ninth Circuit prior to the submission of this action, was decided on May 17, 1963. 318 F.2d 500. It reversed the trial court and held the patent invalid for want of invention.

While it is recognized that the holding of the Ninth Circuit that the patent in suit is invalid is not controlling here, yet it should be followed unless the decision discloses "a very palpable error in law or fact." Cold Metal Process Co. v. E. W. Bliss Co., 285 F.2d 231, 236 (6th Cir. 1960); Cold Metal Process Co. v. Republic Steel Corp., 233 F.2d 828, 837 (6th Cir. 1956); Cincinnati Butchers' Supply Co. v. Walker Bin Co., 230 F. 453, 454 (6th Cir. 1916). The plaintiff contends, however, that this rule should not be applied because a conflict exists between the Sixth Circuit and the Ninth Circuit in their respective answers to the question of whether the validity of a patent is a question of fact or a question of law. In Farr, this question was resolved by the Ninth Circuit as a question of law and plaintiff contends that

this is contrary to the holding of the Sixth Circuit in Maytag Co. v. Murray Corp. of America, 318 F.2d 79, decided June 5, 1963. While there may be some wording in the Maytag opinion that properly could be so construed, the Sixth Circuit in National Latex Products Co. v. Sun Rubber Co., 274 F.2d 224, 238 (6th Cir. 1960), rehearing denied, 276 F.2d 167, cert. denied, 362 U.S. 989, 80 S.Ct. 1078, 4 L.Ed.2d 1022 (1960), clearly states: "We bear in mind the ruling of the Supreme Court, Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162, that the question of invention is a question of law."

This perplexing question of whether the validity of a patent is a question of fact or a question of law has received attention for many years. National Slug Rejectors v. A. B. T. Mfg. Corp., 164 F.2d 333 (7th Cir. 1947). Mr. Justice Douglas in his concurring opinion in Great Atl. & Pac. Co. v. Supermarket Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L. Ed. 162 (1950), states, "The standard of patentability is a constitutional standard; and the question of validity of a patent is a question of law." citing Mahn v. Harwood, 112 U.S. 354, 5 S.Ct. 174, 6 S.Ct. 451, 28 L.Ed. 665 (1884), wherein the Supreme Court held, "In cases of patents for inventions, a valid defence not given by the statute often arises where the question is, whether the thing patented amounts to a patentable invention. This being a question of law, the courts are not bound by the decision of the commissioner, although he must necessarily pass upon it." In the case of Armour & Co. v. Wilson & Co., 274 F.2d 143 (7th Cir. 1960), the Court heard the appeal en banc to resolve the standard to be applied in determining the validity of a patent within the scope of appellate review. In an exhaustive opinion, it was concluded "that the rules governing the trial of patent cases are no different than in other types of civil litigation, and further, that the scope of our review on appeal follows the same pattern. We look at the *findings of fact*

*as to invention* in the way that such factual determinations are generally reviewed. We examine the *standard of invention* applied to these facts as a question of law, as we have done in other areas." In the concurring opinion in Bergman v. Aluminum Lock Shingle Corp. of America, 251 F.2d 801 (9th Cir. 1958), Deller's Walker on Patents, 1957 Supp., to page 115 of Volume 1 of the original text is quoted with approval and appears to be a clear answer to the question presented. "The conflict between the statement that the question of invention is one of fact and the almost innumerable instances in which the courts have dealt with it as though it were one of law, can only be explained by breaking the question of patentable invention down into its component parts: what the prior art was and what the patentee did to improve upon it, and then, whether what the patentee did is properly to be classified as an invention. The nature of the prior art and the nature of what the patentee did to improve upon it must always be questions of fact. The question of the name to be given to what was done by the patentee, whether it is to be called an invention over the prior art or whether it is not, is a question fundamentally of the meaning of the words used in the statute [35 U.S.C. § 31], and as such would seem to be a question of law."

It is believed that while the opinions of the various courts have not been unanimous in the way they spell out their answers to whether the validity of a patent is a question of fact or of law that since Great Atl. & Pac. Tea Co. v. Supermarket Equip. Corp., supra, the great weight of authority follows the law as above quoted and this law has been applied in the decisions of the Sixth Circuit as well as the decisions of the Ninth Circuit.

The ruling and the reasoning in the opinion of Farr Co. v. American Air Filter Co., supra, is adopted as the law of this case. Findings of fact and conclusions of law will be subsequently entered with appropriate judgment.