**AMERICAN AIR FILTER COMPANY, Inc., Plaintiff-Appellant,**

v.

**CONTINENTAL AIR FILTERS, INC., Defendant-Appellee.**

No. 15725.

United States Court of Appeals
Sixth Circuit.

June 25, 1965.

Robert E. Isner, New York City, Squire R. Ogden, John T. Ballantine, Ogden, Robertson & Marshall, Louisville, Ky., on brief; W. D. Keith, Keith, Isner, DesMarais & Chandler, New York City, Edward C. Arenz, Louisville, Ky., on brief, for appellant.

Carl F. Schaffer, Toledo, Ohio, John Marshall, Jr., Samuel R. Wells, Marshall, Cochran, Heyburn & Wells, Louisville, Ky., on brief; William E. Sherwood, Lexington, Ky., Henry K. Leonard, Owen & Owen, Toledo, Ohio, of counsel, for appellee.

Before CECIL and O'SULLIVAN, Circuit Judges, and KENT, District Judge.

O'SULLIVAN, Circuit Judge.

This appeal asks reversal of a judgment holding invalid U. S. Patent No. 2,807,330, owned by plaintiff-appellant American Air Filter Company, Inc. as assignee of the alleged inventor, Richard D. Rivers. Plaintiff American brought this action charging infringement of the patent against defendant-appellee Continental Air Filters, Inc., in the United States District Court for the Western District of Kentucky. The District Judge, having heard the proofs in the case at bar, withheld decision until the Ninth Circuit announced its opinion in Farr Co. v. American Air Filter Co., 318 F.2d 500 (1963), cert. denied, 375 U.S. 903, 84 S.Ct. 192, 11 L.Ed.2d 143 (1963), holding the same patent invalid. The District Judge followed this decision in his opinion, which is reported as American Air Filter Co. v. Continental Air Filters, Inc., 226 F.Supp. 482 (W.D.Ky. 1963). He ruled that,

> "While it is recognized that the holding of the Ninth Circuit that the patent in suit is invalid is not controlling here, yet it should be followed unless the decision discloses 'a very palpable error in law or fact.' Cold Metal Process Co. v. E. W. Bliss Co., 285 F.2d 231, 236 (6th Cir. 1960); Cold Metal Process Co. v. Republic Steel Corp., 233 F.2d 828, 837 (6th Cir. 1956); Cincinnati Butchers' Supply Co. v. Walker Bin Co., 230 F. 453, 454 (6th Cir. 1916)." 226 F.Supp. 482.

Fair reading of the District Judge's reported opinion together with his conclusions of law and the opinion of the Ninth Circuit makes it clear that invalidity was adjudged because of the conclusion that *as a matter of law* the patentee, Rivers, really did not *invent or discover* anything when he put together the patented mechanism. 35 U.S.C.A. § 101. We agree with the District Judge and the Ninth Circuit and, therefore, affirm.

The patent here involved relates to a method and material for operating air filtering equipment. The growth of the air filtering industry, like others in this mechanical age, has been characterized by continuing improvement. As stated by the Ninth Circuit, the patentee, Rivers, "did contribute something to the art" and the sole question is whether such contribution constituted patentable invention, 35 U.S.C.A. § 101, and was something that would not have been "obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C.A. § 103.

Air is commonly filtered by passing it against and through a screen or obstruction of such material as to strain out some or all of its various contaminants.[1]

---

[1] Appellant's brief describes these contaminants as follows:

"Solid contaminants are broadly classified as atmospheric dust and process dust.

A variety of such straining materials—referred to in this context as the filtering media—have been employed to meet particular needs. Such media have been made of cloth, metal, Fiberglas and other materials. Some are dry, relying on the obstructive qualities of the material; others are known in the industry as the viscous impingement type. In the latter media, the screening material is treated with some viscous (oily) substance which adds to its filtering capacity by giving it a tacky quality similar to fly paper. We deal here with such media.

For a period prior to the application for the patent in suit, August 4, 1954, filtering media with components of Fiberglas and other materials treated with viscous substances had come into use. Plaintiff's version of this product was trade-named Amer-glas. Plaintiff does not claim that this medium represented an inventive advance, and other manufacturers developed similar media. It was characterized as an "expansible-compressible filter medium" which could be tightly wound on a spool or mandrel, reducing its thickness, but which resumed its original thickness upon unwinding, not unlike the unrolling of a package of cotton. This compressible quality had been useful to reduce the bulk of the material for shipment and storage.

These differing media have been presented to the contaminated air by several types of installations. These types are broadly divided into automatic and unit varieties. In the automatic group the filtering medium is moved through the airstream by mechanical means, while the unit style places the filtering medium in a fixed apparatus which is manually removed when necessary for cleaning or replacement. In one common type of automatic filter the filtering medium (usually metal screens) is mechanically moved through the airstream, and then on through an oil bath at the bottom of the apparatus which cleans it and renews its tacky or viscous quality. In both the automatic and the unit types the filtering medium was sometimes taken out of the apparatus and either disposed of or, in other styles, cleaned, treated and reused.

The general plan of the Rivers patent was to place a roll of the expansible-compressible viscous impingement filter medium at the top of an apparatus and to have it automatically unwound and passed through the airstream to be rewound on another spool at the bottom of the machine to await disposal. The action may well be compared with the method of drawing the film from one spool to another across the light chamber of a camera. The patentee describes what is claimed as invention in his claim 2.

"2. In a method of filtering from an air stream solids borne thereby, the steps consisting of progressively removing and expanding from a compressed supply web thereot and [sic] expansible-compressible filter medium, moving the medium into and through said air stream and there-

"Process dust includes particulate matter generated by or associated with some industrial process. It is usually homogeneous in character, frequently covers a rather narrow range of particle sizes and usually occurs in high concentrations. Sawdust from woodworking machinery, lint from paper and textile fabricating and processing operations, lint and ink mist from newspaper pressrooms and cement dust from kiln operations are examples of process dusts.

\*    \*    \*    \*    \*

"Atmospheric dust refers to particulate matter commonly found in the atmosphere of a particular area or lo-cation in question. It generally covers a wide range of particle sizes varying from submicron dimensions up to particles of a visible nature, occurs in relatively low concentrations and is quite heterogeneous in nature. Its constituents vary with the geography of the location, the season of the year, the wind direction and other general factors. Typical constituents may include minute particles of clay, silica, smoke, soot and carbon, decayed animal and vegetable matter, organic particles such as plant fibers, lint and pollen as well as mold spores, bacteria and other microorganisms."

after progressively recompressing the thus exposed medium, carrying the solids retained in it into a disposable package."

We need not consider any of the other claims of the patent because plaintiff concedes that "if method claim 2 is invalid for lack of 'invention' all of the other claims are likewise invalid for the same reason."

Plaintiff markets the product of its claimed patent under the trade name of Roll-O-Matic. Plaintiff concedes that neither the filter medium nor the apparatus used to draw it into and through the airstream was new. He contends that the claimed invention resides in the combining of such well known components into a new method of operation. Thus the use of an upper and lower spool for unwinding the filter media and rewinding it after passing it through the airstream was clearly disclosed in the Christofferson patent No. 1,982,639 issued December 4, 1934, and was at least suggested in other prior art. Plaintiff points out that the Christofferson patent was not designed for use with the viscous impingement type of filter media and that it had never been put to commercial use. This is true, but the plaintiff itself as early as 1949 or 1950 had put to commercial use its own "Auto-Airmat" which as described by plaintiff's witness "has a roll at the top and feeds media across an air stream and is rewound at the bottom." The Auto-Airmat, however, used a dry medium as distinguished from the viscous impingement medium used in plaintiff's Roll-O-Matic.

After Rivers' application for the patent in suit, the defendant developed a machine for the use of a viscous impingement medium similar to plaintiff's Amerglas, and now markets it under the style of Conomatic. Defendant concedes infringement if the Rivers patent is valid.

In view of the informative material in the Ninth Circuit's decision in Farr and the District Judge's reported opinion in the case at bar, reference to them will supplement our writing and probably better describe the contest we deal with.

We have gone into some background detail, however, to demonstrate the fact that we arrive at the conclusion we do upon our own evaluation of the evidence, aided and supported of course by the good reasoning of the Ninth Circuit in its Farr decision. Appellant suggests that the District Judge did not independently arrive at his conclusion of invalidity, but merely accepted as dispositive the Farr decision. We do not so read the District Judge's opinion, especially as we have examined the Findings of Fact and Conclusions of Law which supplement his reported opinion. His Findings of Fact are adequate and are not in substantial conflict with what appellant claims here. The following are his decisive Conclusions of Law.

"1. The standard of patentability is a constitutional standard; and the question of the validity of a patent is a question of law.

"2. The nature of Rivers' contribution in view of the state of the prior art does not meet the standards of patentable invention.

"3. Each of the claims of the patent in suit is invalid. Farr Company v. American Air Filter Company, Inc., 318 F.2d 500 (C.A.9)."

The basic facts from which we must determine whether the Roll-O-Matic air filter contains "invention" are not in dispute and the question, therefore, is to be resolved as a matter of law. Monroe Auto Equipment Co. v. Heckethorn Mfg. & Supply Co., 332 F.2d 406, 409–411 (CA 6, 1964), cert. denied, 379 U.S. 888, 85 S.Ct. 160, 13 L.Ed.2d 93 (1964). This essential agreement on the basic facts, reflected in the Findings of Fact plaintiff proposed to the District Court, obviates the need for further detailed analysis of the proofs. Such proposed Findings contain the following:

"15. Among these relatively thick pads of filamentous materials [filter media], which had long before 1954 been used as filter media in unit viscous impingement type filters, were a group which had certain physical properties in the sense that

they were resilient and, when compressed for an interval, would return, upon release of compression, to their approximate original thickness. These properties of such filter media had long been recognized. As early as 1925, it has been recognized that such properties of such materials could be useful in 'unit' types of filters where it was desirable to compress the media during use and to later expand it for cleaning. * * *

"16. The relatively thick pads of resilient filter media used in the 'unit' type viscous impingement filters were available to the industry from a very early date. The resilient properties of these materials and of materials of a generally similar nature were well known and were also utilized in fields other than air filtering where resilience to accept compression was of value. * *

"17. In the period prior to 1954, the glass fiber filter media became the most popular one of the disposable or 'throw away' viscous impingement type media because of its relative cheapness, and its fireproof character."

"26. There was nothing new in the concept of placing a web of media in roll form and feeding this web from its supply roll across an air stream and thereafter rerolling the dirty web into a roll which could be thrown away. Such devices had been suggested many times over the 30 year period preceding Rivers' invention.

"27. All of the tools used by Rivers in the practice of his new mode of operation had long been available in the filtering art."

"30. Rivers did not develop any new material or propose the use of any new filter media. The materials contemplated by Rivers as those adapted to his new mode of operation were expansible-compressible materials which had been available for many years. Among these were specific materials which by reason of cheapness, availability and other favorable considerations had been extensively used as disposable media in the unit 'viscous impingement type' filters."

"45. * * * The patentee's invention brings no improved result insofar as the cleaning of the air is concerned, because the old and well recognized class of filter media, which is subjected to the patentee's new mode of manipulative operation, does not thereby become enhanced in its air cleaning properties."

■ Notwithstanding the foregoing, plaintiff insists that Rivers was entitled to a patent monopoly because he was the first to use the roll type method of automatically presenting the filter media to the airstream, suggested by the early Christofferson and other patents and commercially employed by plaintiff in its own Auto-Airmat, in combination with the well known Fiberglas viscous impingement type media. We are aware that the simplicity of an idea does not *forbid* its patentability, e. g., Goodyear Tire & Rubber Co. v. Ray-O-Vac Co., 321 U.S. 275, 279, 64 S.Ct. 593, 88 L.Ed. 721, 724 (1944); Monroe Auto Equip. Co. v. Superior Inds., 332 F.2d 473, 477 (CA9, 1964), cert. denied, 379 U.S. 901, 85 S.Ct. 190, 13 L.Ed.2d 175 (1964); Allen v. Standard Crankshaft & Hydraulic Co., 323 F.2d 29, 34 (CA4, 1963); Mott Corp. v. Sunflower Inds., 314 F.2d 872, 880 (CA 10, 1963); Application of Shelby, 311 F.2d.807, 810 (C.C.P.A.1963), but to rise to invention a combination of old elements must "co-act to produce the result achieved, the result must be new and useful, and the method of operation must be new." Cold Metal Process Co. v. Republic Steel Corp., 233 F.2d 828, 838, (CA6, 1956), cert. denied, 352 U.S. 891, 77 S.Ct. 128, 1 L.Ed.2d 86 (1956). The Roll-O-Matic did not bring about any new ultimate results—it did no better job of filtering the air than had been done before; the method of operation was not new; the filtering medium was not new. All that can be said of Rivers' idea was that he was the first to use the Fiber-

glas medium in the basic apparatus that had been "suggested" by Christofferson and had been put to commercial use by plaintiff's Auto-Airmat. The fact that Rivers was the first to do this will not alone endow his idea with inventiveness.

"He who is merely the first to utilize the existing fund of public knowledge for new and obvious purposes must be satisfied with whatever fame, personal satisfaction or commercial success he may be able to achieve. Patent monopolies, with all their significant economic and social consequences, are not reserved for those who contribute so insubstantially to that fund of public knowledge." Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 324 U.S. 320, 328, 65 S.Ct. 647, 650, 89 L.Ed. 973, 980 (1945).

We think it appropriate to add the following from Great Atlantic & Pacific Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 153, 71 S.Ct. 127, 130, 95 L.Ed. 162, 167 (1950):

"This patentee has added nothing to the total stock of knowledge, but has merely brought together segments of prior art and claims them in congregation as a monopoly."

Plaintiff, conceding that the old Christofferson patent *suggested* the basic plan of the Rivers apparatus, argues in effect that because it had not been put to use it cannot be considered to have anticipated the patent in issue. Assuming such rule, however, the early patent may be considered on the question whether the Rivers concept is too obvious to amount to patentable invention. Monroe Auto Equip. Co. v. Heckethorn Mfg. & Supply Co., 332 F.2d 406, 414–415 (CA6, 1964), cert. denied, 379 U.S. 888, 85 S.Ct. 160, 13 L.Ed.2d 93 (1964). We agree with the District Judge and the Ninth Circuit in holding that the concept *is* too obvious to be patentable.

Appellant argues that the District Judge misapplied the doctrines of comity in adopting the Farr decision "as the law of this case." Our review of the District Court opinion and its Findings of Fact and Conclusions of Law satisfies us that the District Judge made his decision from his own evaluation of the record before him and did no wrong in finding persuasive and adopting for his decision the law announced by Farr. In discharging our appellate responsibility, we have examined the entire record of this case and independently of, but aided by, the Ninth Circuit reasoning in Farr, we conclude as a matter of law that plaintiff's patent is invalid. Being impressed with the reasoning of the Farr case, we have found it unnecessary to go into any more detailed discussion of the facts of this case and the law that applies to them.

Our decision makes it unnecessary to consider the defendant's claim that the Rivers patent is invalid for overclaiming.

Judgment affirmed.