The **AKRON PRESFORM MOLD COM-PANY**, Plaintiff-Appellant,

v.

**McNEIL CORPORATION** and Sun Corporation, Defendants-Appellees.

The **AKRON PRESFORM MOLD COM-PANY**, Plaintiff-Appellant,

v.

The **B. F. GOODRICH COMPANY** and Sun Corporation, Defendants-Appellees.

The **AKRON PRESFORM MOLD COM-PANY**, Plaintiff-Appellant,

v.

The **B. F. GOODRICH COMPANY** et al., Defendants-Appellees.

Nos. 73–1555 to 73–1557.

United States Court of Appeals, Sixth Circuit.

Submitted on Brief without Oral Argument Jan. 31, 1974.

Decided April 11, 1974.

Albert L. Ely, Jr., Ely, Golrick & Flynn, Cleveland, Ohio, on brief, for plaintiff-appellant.

Phillip L. Kenner, Hamilton, Renner & Kenner, and Richard E. Guster, Roetzel & Andress, Akron, Ohio, on brief, for McNeil Corp.

James C. Davis, Squire, Sanders & Dempsey, Cleveland, Ohio, on brief, for The B. F. Goodrich Co.

Everett R. Hamilton, Edward G. Greive, Hamilton, Renner & Kenner, Akron, Ohio, on brief, for Sun Corp.

Before PHILLIPS, Chief Judge, MILLER, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PHILLIPS, Chief Judge.

The Akron Presform Mold Company (Presform) appeals from orders of District Judge Thomas D. Lambros granting summary judgment against it in its three actions for damages and injunctive relief under the antitrust laws. We affirm.

Presform, formerly a manufacturer of rotational casting machinery, filed complaints on July 3, 1968, alleging three different and unlawful conspiracies in restraint of trade and monopolization of the relevant market for rotationally casting plastics. Before presenting the factual allegations in each action, it is necessary to detail certain historical background in this extended controversy among the litigants.

*Historical Background*

This court in National Latex Products Co. v. Sun Rubber Co., 274 F.2d 224 (6th Cir. 1959), rehearing denied, 274 F.2d 224 (6th Cir. 1960), motion to reconsider in banc and second petition for rehearing denied, 276 F.2d 167 (6th Cir. 1960), cert denied, 362 U.S. 989, 80 S.Ct. 1078, 4 L.Ed.2d 21 (1960),[1] held *inter alia*, that Presform had not infringed the Martin machine patent, U.S. Patent No. 2,629,131, owned by Sun Rubber Co. (Sun).[2]

This court further held that Presform had contributorily infringed Sun's Molitor process patent, U.S. Patent No. 2,629,134, for rotationally casting vinyl plastisols. 274 F.2d at 244–245. Thereafter, in 1960, we issued an injunction restraining Presform from "manufacturing and selling machinery intended or adapted to be used in practicing the method as claimed in said Molitor patent." That case was dismissed later as a result of a settlement reached between the parties.

Subsequently, in a separate action, Barr Rubber Products Co. v. Sun Rubber Co., 277 F.Supp. 484 (1967), the Southern District Court of New York held, *inter alia*, that the Molitor patent was invalid. The primary reason stated by the District Court for so holding was that the record in that case, as well as in *National Latex Products* heard by our court, was blighted by Sun's "extensive pattern of fraud," "perjury in significant respects," and "deliberately organized fabrication" with respect to the procurement and maintenance of the Molitor patent. 277 F.Supp. at 498–503. The Court of Appeals for the Second Circuit later reversed the findings of the New York District Court relating to "fraud" and "perjury" as clearly erroneous and reversed the holding of invalidity of the Molitor patent. The case was remanded to the District Court for new trial solely on the issue of patentability. Barr Rubber Products Co. v. Sun Rubber Co., 425 F.2d 1114, cert. denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970).

---

1. In *National Latex Products*, this court actually disposed of two actions, National Latex Products Co. v. Sun Rubber Co. and Akron Presform Mold Co. v. Sun Rubber Co., which had been consolidated for trial at the District Court by consent of the parties. 159 F.Supp. 661 (N.D.Ohio 1958).

2. Sun Rubber Co. was the predecessor in interest of Sun Corporation, an appellee, in the present actions.

Subsequent to the decision of the United States District Court for the Southern District of New York but prior to the Second Circuit's reversal of the District Court's findings of fraud and perjury in the procurement and maintenance of the Molitor patent, Presform instituted the present actions and filed a motion with this court seeking to reopen our disposition in *National Latex Products, supra,* decided some nine years earlier. Due to the pendency of the appeal in *Barr Rubber Products, supra,* to the Second Circuit, we stayed proceedings on the motion. After the Second Circuit announced its decision, we denied Presform's motion on the ground of res judicata. Presform's subsequent petition for rehearing on its motion was also denied.

### Factual Allegations in the Three Actions

In Civil Action C68–487 (Appeal No. 73–1555), Presform alleged that McNeil corporation (McNeil), using Sun Corporation (Sun) as its front, unlawfully effected a substantial lessening of competition and tended to create a monopoly in the rotational casting of thermoplastic material market. Presform asserted that McNeil and Sun engaged in three monopolistic activities injurious to Presform: 1) enforcing the injunction fraudulently obtained from our court in 1960 in regard to the Molitor patent, 2) enforcing the injunction while knowing, but not disclosing to our court, that a substantial non-infringing use existed for Presform's machine, and 3) imposing unlawful conditions to the obtaining of a license under the Molitor patent and to the purchase of their rotational casting machinery.

In Civil Action C68–488 (Appeal No. 73–1556), Presform alleged that Sun and B. F. Goodrich (Goodrich) violated the antitrust laws by entering into reciprocal dealing and rebate agreements in 1953 with respect to the licensing of Sun's Molitor and Martin patents. In particular, Presform alleged that Goodrich took a license under these patents knowing that they were of doubtful validity. Under the license agreement, Goodrich agreed to make annual lump sum payments in lieu of royalties. The primary motive for this contract allegedly was the agreement of Sun to purchase its requirements of plastic resins from Goodrich and to promote Goodrich as a source of supply for its licenses. The purported effect of this license agreement was to create a false inference that the Sun patents had attained general commercial acceptance. It was charged that this erroneous inference, along with other alleged acts of deception, contributed to the erroneous decision of this court in 1959 in affirming the District Court's upholding of the validity of the Molitor patent in *National Latex Products, supra.*

In Civil Action C68–489 (Appeal No. 73–1557), Presform alleged that Sun, McNeil and Goodrich conspired to restrain trade and tend to create a monoply in the use of rotational casting techniques, materials and equipment. Two separate activities of these purported conspirators are alleged to have injured Presform's business. First, a leading company in the doll industry purportedly was coerced into taking a license in 1961 under the Molitor patent although it believed that the patent was invalid. Second, the appellee corporations allegedly issued a large number of letters to the doll industry in 1961 threatening patent infringement suits under the Molitor patent, and this purportedly lessened the market for Presform's machines and accelerated the destruction of Presform's business.

The appellees, without acknowledging the accuracy of these factual allegations, moved to dismiss the actions on the grounds that they were barred by res judicata or collateral estoppel or by the statute of limitations. The District Court treated the motions as for summary judgment, Rule 12(b), Fed.R.Civ.P., and dismissed all three actions on the ground that they were barred by the applicable statute of limitations. In the alternative in Civil Action C68–488 (Ap-

peal No. 73–1556), the District Court entered judgment in favor of Sun on the basis that Presform's action was barred by collateral estoppel.

## Statute of Limitations

Presform's basic contention on appeal in all three actions is that the District Court erred in concluding that the actions were barred by the applicable statute of limitations for anti-trust claims, 15 U.S.C. § 15b. 15 U.S.C. § 15b, in relevant part, provides: "Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued."

As the Supreme Court stated in Order of Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342, 348–349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944), statutory limitation periods are:

> ". . . designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them."

■ This statute of limitations commences to run from the commission of the last overt act causing injury or damage. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 338, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); Garelick v. Goerlich's Inc., 323 F.2d 854, 855 (6th Cir. 1963). Generally, there are two means by which one can avoid the operation of the statute of limitations. One, the rule enunciated in Zenith Radio Corp., supra, 401 U.S. at 338–342, 91 S.Ct. 795 provides that a plaintiff may recover damages occurring within the period of the statute of limi-

tations that are the result of conduct occurring prior to that period, if at the time of the conduct, those damages were speculative, uncertain or otherwise incapable of proof. Second, in cases in which the plaintiff has refrained from commencing suit during the period of limitation because of inducement by the defendant, Glus v. Brooklyn Eastern Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed. 2d 770 (1959), or because of fraudulent concealment, Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946), the Supreme Court has held the statutory period to have been suspended or tolled by the conduct of the defendant.[3]

■ Since the above rules are in avoidance of the statute of limitations, the party seeking the benefit of them has the burden of proof to establish them. All presumptions are against him, since his claim to exemption is against the current of the law and is founded on exceptions. See, e. g., Baker v. F & F Investment, 420 F.2d 1191, 1199 (7th Cir. 1970); 51 Am.Jur.2d Limitations of Actions, § 485; 54 C.J.S. Limitations of Actions § 386b.

Since the complaints in the present action were filed on July 3, 1968, the first question is whether any injurious overt act has occurred since July 3, 1964. Presform admitted to the trial court that all acts commencing the alleged unlawful conspiracies began more than four years before the filing of the complaints in these actions, but contended that its antitrust claims were not barred because its claims fell within the Zenith and fraudulent concealment exceptions to the application of the statute of limitations. The burden thus shifted to Presform to prove that the operation of the statute could be avoided by either exception.

■ In support of its contention that the Zenith and fraudulent concealment exceptions apply in the present case, Presform primarily relies on the 1967

3. *Glus* and *Holmberg* were cited approvingly by the Supreme Court in American Pipe and

Construction Co. v. State of Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

decision of the Southern District of New York in *Barr Rubber Products, supra,* which held that Sun was guilty of fraud and perjury in obtaining the Molitor patent. Presform claims that it did not sleep on its rights, in that it was merely abiding by this court's decision in *National Latex Products, supra,* and that it was not until the alleged irregularities of the appellees came to light in the Southern District Court of New York that it knew of the existence of its cause of action. Presform is unable, however, to succeed in maintaining this contention because the Second Circuit subsequently reversed the District Court's findings of fraud and perjury. The fact that the Second Circuit remanded the case for new trial on the issue of patentability does not detract from the Second Circuit's decision reversing the District Court's findings of fraud and perjury.

Further, Presform contends that it was not until the Supreme Court's decision in Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965), that its cause of action became definite. In *Walker,* the Supreme Court held that fraud in the procurement and maintenance of a patent may be actionable under the antitrust laws provided all other elements of a monopolization charge are proven.[4] *Walker* says nothing about conspiracy claims, which are alleged in each of Presform's three actions, and thus plainly does not excuse Presform's delay in bringing its conspiracy charges. Further, the *Zenith* rule tolls the statute of limitations where *damages* are speculative, not where the very existence of the *cause of action* is speculative. Finally, the District Court correctly ruled that there is no evidence in the record tending to prove that Pres-

form suffered any damages incapable of proof within four years after the overt acts complained of. Presform's sleeping on its rights does not therefore fall within the *Zenith* exception to the application of the statute of limitations.

■ Finally, the District Court, after examining the pleadings, briefs, and exhibits, correctly determined that Presform had not alleged or demonstrated by affidavit or otherwise that it had exercised due diligence in attempting to discover the cause of action. At best, as the District Court stated, there was nothing more than ignorance on the part of Presform of its rights. This alone is insufficient to overcome the limitations defense.[5] Accordingly, Presform cannot avoid the statute of limitations on the ground of the fraudulent concealment rule.

Without reaching the merits of Presform's claims, we hold that the District Court did not err in dismissing Presform's actions as barred by the statute of limitations. Presform allowed its claims to slumber. Evidence has faded and witnesses may have disappeared. Since neither the *Zenith* exception nor the fraudulent concealment exception tolled the statute in this case, it was entirely consistent with the purposes of the statute of limitations for the District Court to determine that the appellees should be free of Presform's stale claims.

### Collateral Estoppel

■ The District Court in Civil Action C68–488 (Appeal No. 73–1556) correctly entered judgment in the alternative in favor of Sun on the basis that this action was barred by collateral estoppel. The District Court reasoned

---

4. Presform asserts that *Walker,* 382 U.S. at 176–177, 86 S.Ct. 347, holds that fraud in maintaining a patent so as to tend to monopolize a relevant market is a per se violation of the antitrust laws. This contention is erroneous. 382 U.S. at 178, 86 S.Ct. 347.

5. See, generally, 2 J. Moore, Federal Practice ¶ 3.07 [3], at 762–63 (2d ed. 1970), and

Laundry Equipment Sales Corp. v. Borg-Wagner Corp., 334 F.2d 788, 792 (7th Cir. 1964), and authorities therein cited, for further support for the proposition that the plaintiff has the burden to demonstrate his exercise of due diligence in discovering the fraud and that mere ignorance of one's rights does not toll the statute of limitations.

that the unlawful aspects of the license agreement between Sun and Goodrich had been litigated between Sun and Presform in the *National Latex Products, supra,* litigation wherein the District Court held that Sun did not misuse the Martin and Molitor patents. 159 F. Supp. at 664–665. This holding of the District Court was not appealed to this court.

Presform makes numerous allegations of fact, e. g., Sun and Goodrich entered into a self-renewing tying agreement whereby Sun agreed to buy from Goodrich 75 per cent of its annual requirements of resins and certain plastisol components and Goodrich, among other things, agreed to conceal its knowledge of the invalidity of Sun's Molitor process patent, some of which factual allegations may indeed be raised for the first time in this action. All of the factual allegations, however, relate to the issue previously litigated. In the prior adjudication, Presform stated: "Plaintiff's license agreement with B. F. Goodrich Company is alleged to be a subterfuge to aid Goodrich in selling its resin to licensees, rather than a bonafide license agreement under the patents in suit." In strikingly similar language in the present action, Presform alleged "any designation of the annual flat payments advanced by Goodrich to Sun as 'royalties' is a mere subterfuge for the rebate to Sun on the purchase of Goodrich material by Sun."

Under the doctrine of collateral estoppel, "matters which were actually litigated and determined in the first proceeding cannot later be relitigated." Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). Since the unlawful aspects of the license agreement between Sun and Goodrich have been litigated previously, we, therefore, hold that the District Court correctly entered judgment in Civil Action C68–488 (Appeal No. 73–1556) in the alternative in favor of Sun on the basis that Presform's action was barred by collateral estoppel.

*Other Issues*

Presform further contends that the equitable doctrine of laches requires that the appellees have waived their limitations defense since the defense was first raised more than three years after Presform filed its complaints. We conclude that this contention is totally without merit. The motions to dismiss on the basis of the limitations defense were timely filed and any delay in their filing was occasioned by extensions granted by the District Court and our stay of proceedings pending disposition of Presform's motion to reopen the *National Latex Products, supra,* litigation.

Finally, Presform contends that these actions were inappropriate for disposition on summary judgment, Rule 56, Fed.R.Civ.P. Presform relies on McHenry v. Ford Motor Co. 269 F.2d 18, 22 (1959), wherein this court stated:

"It is the established rule of the federal courts in construing rule 56 that a summary judgment should be entered only in cases where there is no genuine issue as to any material fact . . . On considering such a motion the pleadings are to be liberally construed in favor of the party opposing the motion. Purity Cheese Co. v. Frank Ryser Co., 7 Cir., 153 F.2d 88; Wittlin v. Giacalone, 81 U.S.App. D.C. 20, 154 F.2d 20. Moreover, the court is required to take the view most favorable to the party opposing the motion, giving that party the benefit of all favorable inferences that may be drawn from the evidence."

Although Presform persistently has relied on its factual allegations on the merits of its claims, it has been unable to demonstrate a genuine issue as to material fact relevant to the limitations defense, the basis on which the actions were dismissed by the District Court. Following the mandate of *McHenry,* we, therefore, conclude that the District Court properly disposed of these cases by means of summary judgment for the appellees.

Affirmed.