**FONTANA AVIATION, INC., a Michigan Corporation, Plaintiff-Appellant,**

v.

**Robert BALDINELLI, Rudy Lundholm, Avis Rent-A-Car System, a Delaware Corporation, and the Hertz Corporation, a Delaware Corporation, Defendants-Appellees.**

No. 76–2245.

United States Court of Appeals, Sixth Circuit.

Argued April 4, 1978.
Decided May 25, 1978.

Francis J. McConnell, McConnell & Campbell, William R. Jansen, Chicago, Ill., for plaintiff-appellant.

Eugene Driker, Barris, Scott, Denn & Driker, Dickinson, Wright, McKean, Cudlip & Moon by Kenneth J. McIntyre, for defendants-appellees.

Before PHILLIPS, Chief Judge, MERRITT, Circuit Judge, and RUBIN, District Judge.[*]

PER CURIAM.

This antitrust action was dismissed by the district court on the ground that it is barred by the four year statute of limitations contained in 15 U.S.C. § 15b.[1] Fontana Aviation, the plaintiff, appeals. We affirm. For a recitation of pertinent facts reference is made to the opinion of District Judge Wendell Miles, published at 418 F.Supp. 464 (W.D.Mich.1976).

The action was instituted to obtain triple damages and injunctive relief against an alleged conspiracy to monopolize the business of renting automobiles in the airport at Iron Mountain, Michigan. The suit was filed July 2, 1973. The district court held that all the events constituting the alleged conspiracy occurred on or before May 5, 1969, and that the last overt act causing injury or damage occurred more than four years before the suit was filed.

In *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338, 91 S.Ct. 795, 806, 28 L.Ed.2d 77 (1971), the Supreme Court enunciated standards for determining when a cause of action accrues in an antitrust action, saying:

> The basic rule is that damages are recoverable under the federal antitrust acts only if suit therefor is "commenced within four years after the cause of action accrued," 15 U.S.C. § 15b, plus any additional number of years during which the statute of limitations was tolled. Generally, a cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business. *See, e. g., Suckow Borax Mines Consolidated, Inc. v. Borax Consolidated, Ltd.*, 185 F.2d 196, 208 (CA 9 1950); *Bluefields S. S. Co. v. United Fruit Co.*, 243 F. 1, 20 (CA 3 1917), appeal dismissed, 248 U.S. 595, 39 S.Ct. 136, 63 L.Ed. 438 (1919); *2361 State Corp. v. Sealy, Inc.*, 263 F.Supp. 845, 850 (N.D.Ill.1967). This much is plain from the treble-damage statute itself. 15 U.S.C. § 15.

In *Akron Presform Mold Co. v. McNeil Corp.*, 496 F.2d 230, 233 (6th Cir.), *cert. denied*, 419 U.S. 997, 95 S.Ct. 310, 42 L.Ed.2d 270 (1974), this court said:

> This statute of limitations commences to run from the commission of the *last overt act causing injury or damage.* (emphasis added).

Fontana contends that each day the Avis Rent–A–Car System and the Hertz Corporation conducted car rental business from the airport terminal building in violation of Fontana's exclusive concession rights constituted a separate and new cause of action as to which the statute of limitations began to run anew. For the reasons stated in the opinion of the district court, we conclude that the record does not support Fontana's theory of a continuing conspiracy.

All other contentions made by Fontana have been considered and found to be without merit.

Affirmed.

---

[*] Honorable Carl B. Rubin, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

1. Any action to enforce any cause of action under §§ 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued.