Herbert D. BERKSON, Plaintiff, Appellant,

v.

DEL MONTE CORPORATION, et al., Defendants, Appellees.

No. 83–1636.

United States Court of Appeals, First Circuit.

Argued August 6, 1984.

Decided Sept. 17, 1984.

J. Sheffield Dow, Boston, Mass., for plaintiff, appellant.

Thomas J. Griffin, Jr., Boston, Mass., with whom Richard A. Oetheimer, Gordon H. Piper, and Goodwin, Procter & Hoar, Boston, Mass., were on brief, for defendant, appellee United Brands Co.

Craig E. Stewart, Boston, Mass., with whom Erik D. Lazar, John T. Harding, Jr., and Palmer & Dodge, Boston, Mass., were on brief, for defendant, appellee Del Monte Corp.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and PEREZ–GIMENEZ,* District Judge.

BOWNES, Circuit Judge.

Appellant Herbert Berkson brought this action under 15 U.S.C. §§ 1 and 2, alleging that appellees Del Monte and United Brands conspired together to prevent Berkson and his Pan Tropic Fruit Company from purchasing certain banana properties in Guatemala. The district court granted summary judgment on the ground, among others, that the action was time barred. We find this issue dispositive, and affirm.

Under a consent decree in *United States v. United Fruit Co.*, Civil No. 4560 (E.D. La.1958), United Brands' predecessor, United Fruit, agreed to divest itself of some Central American banana properties. After an unsuccessful attempt to fulfill the decree by selling properties in Panama, United Fruit turned to the Guatemalan properties involved in this case. Bids were solicited; among the bidders were Del Monte and Pan Tropic. In the hope that a suitable mixed Guatemalan-American enterprise could be found, the Guatemalan Government initially refused to approve

* Of The District of Puerto Rico, sitting by designation.

Del Monte as a potential purchaser in November, 1971. In October, 1972, however, the Guatemalan Government changed its position and approved the sale to Del Monte. The United States Department of Justice also approved. After a hearing before the United States District Court for the Eastern District of Louisiana at which Berkson appeared as *amicus curiae* opposing the transaction, the sale to Del Monte was consummated in December, 1972. In June, 1979, six and one-half years later, Berkson filed the complaint in this case.

In his complaint, Berkson charged Del Monte and United Brands with the following antitrust violations: conspiring to exclude companies other than Del Monte from purchasing the Guatemalan properties; refusing to divulge information, and divulging false information, to prospective purchasers other than Del Monte concerning the properties; undermining Berkson's sources of financial backing; using political pressure, intimidation, and bribery to drive away Berkson's Guatemalan associate and obtain approval of the sale to Del Monte from the Guatemalan Government; withholding information from the federal district court at the 1972 hearings; and maintaining a shared monopoly by excluding competitors from the banana growing and importing market. Although Berkson claims that the alleged violations have continuing effects in the United States, his complaint is based entirely on actions occurring before the consummation of the 1972 sale; no subsequent overt act in furtherance of the alleged conspiracy is described or even hinted at. It is clear, therefore, that Berkson's cause of action accrued no later than December, 1972,[1] for the impact of events leading up to the sale became final at that time and any subsequent harm must be seen as the "unabated inertial consequence[ ]" of the earlier events. *See In re Multidistrict Vehicle*

*Air Pollution,* 591 F.2d 68, 71–72 (9th Cir.), *cert. denied,* 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1979); *Poster Exchange, Inc. v. National Screen Service Corp.,* 517 F.2d 117, 126–28 (5th Cir.1975), *cert. denied,* 425 U.S. 971, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976).

On its face, the action is barred by the four-year statute of limitation. 15 U.S.C. § 15b. Berkson seeks to avoid the time bar on the only legal theory available to him, namely, by ascribing his failure to bring timely suit to fraudulent concealment on the part of Del Monte and United Brands. He argues that in 1972 he lacked the requisite factual basis for filing an antitrust complaint though his suspicions were already aroused, and that he only became aware of appellees' specific misconduct in July, 1975, through a *Wall Street Journal* article. To invoke the doctrine of fraudulent concealment, a plaintiff must plead and prove three elements: "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 394 (6th Cir.1975); *see also In re Beef Industry Antitrust Litigation,* 600 F.2d 1148, 1169 (5th Cir.1979), *cert. denied,* 449 U.S. 905, 101 S.Ct. 280, 66 L.Ed.2d 137 (1980); *Charlotte Telecasters, Inc. v. Jefferson-Pilot Corp.,* 546 F.2d 570, 574 (4th Cir.1976). The burden rests squarely on the party pleading fraudulent concealment. *Akron Presform Mold Co. v. McNeil Corp.,* 496 F.2d 230, 233 (6th Cir.), *cert. denied,* 419 U.S. 997, 95 S.Ct. 310, 42 L.Ed.2d 270 (1974).

In reviewing Berkson's voluminous submissions in opposition to the summary judgment motion,[2] we find no trace of any

---

1. The rule that a limitation period is tolled when damages are speculative or unascertainable, *see Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 339, 91 S.Ct. 795, 806, 28 L.Ed.2d 77 (1971), has no application here.

2. In his opposition to the summary judgment motion and his accompanying affidavit, Berkson stated merely that he believed neither appellee was entitled to summary judgment; he failed to specify a single issue of material fact relevant to the statute of limitation issue. His

allegation, let alone a showing sufficient to raise a genuine issue of fact, concerning the first and third elements of fraudulent concealment. It is well established that

> the plaintiff must allege facts showing affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief. Silence or passive conduct of the defendant is not deemed fraudulent, unless the relationship of the parties imposes a duty upon the defendant to make disclosure. The affirmative act of denying wrongdoing may constitute fraudulent concealment where the circumstances make the plaintiff's reliance upon the denial reasonable
> . . . .

*Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir.1978). Although fraud in the sale of the banana properties underlies Berkson's complaint, there is no charge of affirmative conduct by the appellees intended to conceal the facts upon which Berkson based his complaint or to deceive him into believing that he did not have a cause of action. At most, Berkson has alleged that appellees have refused to divulge information to substantiate his earlier suspicions. *See Hall v. E.I. DuPont de Nemours & Co.*, 312 F.Supp. 358, 362 (E.D.N.Y.1970) (conspiracy secret by nature, not per se sufficient to toll statute of limitation). Indeed, we note that Berkson voiced his suspicions and filed an *amicus curiae* brief before the United States District Court for the Eastern District of Louisiana in 1972, when he opposed the sale to Del Monte on grounds virtually identical to those advanced in the present case. In the absence of a fiduciary relationship between Berkson and appellees,

we do not think that silence or refusal to cooperate on the part of Del Monte and United Brands rises to the level of fraudulent conduct.

Appellees argue that Berkson's appearance and submissions in Louisiana in 1972 establish as a matter of law that he had actual notice at that time of his cause of action, and that he cannot meet the second limb of the test for fraudulent concealment. Had the district court considered the claim on the merits, we would likely agree; on a motion for summary judgment, though, we hesitate to infer that Berkson knew of facts sufficient to support a claim in 1972. Nevertheless, we need not reach the question of how concrete or well founded a suspicion of misconduct must be to constitute notice of "the facts necessary to institute [a] suit," for even if Berkson's suspicions were purely conjectural in 1972 and became concrete only later, a "plea of ignorance" standing alone "is insufficient to avoid the statute [of limitation]." *Charlotte Telecasters*, 546 F.2d at 574; *Akron Presform*, 496 F.2d at 234.

■ If Berkson wished to bring an action based on his suspicions, he was under a duty to exercise due diligence in investigating whether the suspicions were well founded. There is absolutely no indication in the record, however, of any particular attempt on Berkson's part to engage in discovery or make a "conscientious effort" to substantiate the suspicions he voiced to the district court in Louisiana in 1972. *See General Aircraft Corp. v. Air America, Inc.*, 482 F.Supp. 3, 8–9 (D.D.C.1979). Conclusory allegations of due diligence are not sufficient, *see Dayco*, 523 F.2d at 394; *Akron Presform*, 496 F.2d at 234; where a plaintiff has utterly failed to make even the

---

attempt to incorporate by reference over 5,000 pages of pleadings, depositions, and discovery documents was blatantly improper under Fed.R. Civ.P. 56(e), which requires that affidavits be made on personal knowledge and set forth specific facts admissible in evidence to show that there is a genuine issue for trial. The district court would have been fully justified in disregarding Berkson's submissions for lack of authentication and failure to identify or organize

relevant documents in a "reasonably intelligible manner." *See Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir.1982), *cert. denied*, 460 U.S. 1085, 103 S.Ct. 1777, 76 L.Ed.2d 349 (1983). We have nevertheless reviewed Berkson's own deposition testimony and other submissions, and have found nothing in them sufficient to raise an issue of fact as to fraudulent concealment.

requisite allegations, he cannot claim that his underlying cause of action was fraudulently concealed.

In the absence of a valid defense to the statute of limitation, the district court was correct in granting summary judgment for appellees on the ground that the action was time barred.

*Affirmed.* Costs awarded to appellees.