**Paul MONTCASTLE, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**AMERICAN HEALTH SYSTEMS, INC., American Municipal Securities, Inc., Bailey & Associates, Inc., Bryson Hill & Associates, Inc., First American Management Co., Inc., First American Marketing Co., Inc., May Zima & Co., George E. Mueller, Jr., P.A., George E. Mueller, Jr., Parker Hudson Rainer Dobbs & Kelly, and Southtrust Bank of Huntsville, Defendants.**

No. CIV–3–86–903.

United States District Court, E.D. Tennessee, S.D.

April 19, 1988.

M. Clark Spoden, Dearborn & Ewing, Nashville, Tenn., for plaintiff.

John L. Latham, Atlanta, Ga., for American Municipal Securities.

Robert M. Garfinkle, Nashville, Tenn., for Bailey & Associates, Inc.

Wallace W. Dietz, Nashville, Tenn., for Southtrust Bank of Huntsville.

Gayle Malone, Jr., Nashville, Tenn., for Parker Hudson Rainer Dobbs & Kelly.

## MEMORANDUM

EDGAR, District Judge.

This case was transferred to this Court from the Northern Division on September 21, 1987, along with a related case, *Montcastle v. Bailey & Associates*, CIV-3-86-779. A number of dispositive motions are before the Court in both cases. The motions in *Bailey & Associates* will be the subject of a separate memorandum.

This case involves the 1983 offer and sale of bonds issued by the Health, Educational and Housing Facilities Board of the City of Chattanooga, Tennessee (the "Board") to finance the cost of acquiring and constructing a retirement facility in Chattanooga. The limited partnership that received the funds from the bonds, Retirement Village of Chattanooga, defaulted on the bonds, and is now operating under Chapter 11 of the Bankruptcy Code. Plaintiff Paul Montcastle was a purchaser of some of the bonds. He alleges that he relied to his detriment on significant omissions of fact and material misrepresentations in the official statement that accompanied the bond issue.[1]

Plaintiff's complaint contains six counts. Count 1 alleges violations of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a). Count 2 alleges violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5.[2] Count 3 alleges violations of §§ 22(a)(2), (f) and (g) of the Tennessee Securities Act of 1980, T.C.A. §§ 48–2–101 *et seq.* Count 4 alleges violations of the Racketeer Influenced and Corrupt Organizations Act of 1970, 18 U.S.C. § 1964(c) (hereinafter "RICO"). Count 5 alleges common law fraud. Finally, Count 6 alleges negligence. Several motions are before the Court.

Defendant May Zima & Co. (hereinafter "May Zima"), the certified public account-

ant that prepared a feasibility study used in connection with the offering and the sale of the bonds, has moved to dismiss plaintiff's complaint (Court File No. 15). May Zima maintains that there is no implied right of action under § 17(a) of the Securities Act of 1933 (Count 1 of plaintiff's complaint); that plaintiff has failed to allege fraud with sufficient particularity (Counts 1, 2 and 4 of plaintiff's complaint); that plaintiff has failed to state a RICO violation (Count 4 of plaintiff's complaint); and that if this Court dismisses the federal counts on the above-referenced grounds it should dismiss the pendent state law claims (Counts 3, 5 and 6 of plaintiff's complaint) as well.

Defendant Bailey & Associates, Inc. (hereinafter "Bailey"), the managing underwriter of the offer and sale of the bonds, has moved (Court File No. 26) to dismiss plaintiff's complaint making the same arguments as May Zima and alleging additionally that Counts 1 through 4 of plaintiff's complaint are time-barred.

Defendant Parker Hudson Rainer Dobbs & Kelly (hereinafter "Parker Hudson"), the law partnership which served as bond counsel and participated in the preparation and review of the documents supporting the issue of bonds, has moved (Court File No. 45) to dismiss plaintiff's complaint, incorporating the arguments of defendants May Zima and Bailey.

Defendant American Municipal Securities, Inc. (hereinafter "American Municipal"), another underwriter of the bond issue, has moved for judgment on the pleadings (Court File No. 48) for the same reasons noted above, additionally claiming that plaintiff's complaint is insufficiently particular to state a claim for aiding and abetting liability under the various Securities Acts alleged.

---

1. Plaintiff Paul Montcastle seeks to bring this action as a class action pursuant to Fed.R.Civ.P. 23(b)(3) on behalf of the class of all purchasers of the subject bonds. Defendants oppose class certification and have been granted an extension of time up to and including May 15, 1988, within which to serve their response to plaintiff's motion for class certification.

2. Count 3 also contains a brief reference to a section 20, presumably of the 1934 Act. This reference has been ignored by all parties, and by plaintiff in his responsive brief, and will be ignored by this Court.

Finally, defendant American Health Systems, Inc. (hereinafter "American Health") has moved (Court File No. 75) to dismiss plaintiff's complaint on the grounds that plaintiff failed to serve American Health within 120 days after filing of the complaint as required by Fed.R.Civ.P. 4(j).

The Court will address the various arguments and motions *seriatim*.

### Count 1 of Plaintiff's Complaint

■ With regard to Count 1, which alleges a violation of § 17(a) of the Securities Act of 1933, all defendants are entitled to the requested dismissal. This Court has held numerous times that this section does not afford a private right of action. *See Jones v. Hayden*, CIV-1-86-214, slip op. at 4-5 (E.D.Tenn. Feb. 17, 1987) [1987 WL 49638]; *Haney v. Dean Witter Reynolds, Inc.*, CIV-1-85-531, slip op. at 3-5 (E.D. Tenn. Aug. 20, 1986) [1986 WL 21340]. *See also In re Washington Public Power Supply System Securities Litigation*, 823 F.2d 1349, 1355 (9th Cir.1987) (en banc) ("There simply is no indication, explicit or implicit, of legislative intent to create a private right of action under section 17(a).") Count 1 of plaintiff's complaint will, consequently, be DISMISSED as to all defendants.

### Counts 2 and 3 of Plaintiff's Complaint

As indicated, Count 2 of plaintiff's complaint alleges violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Count 3 of plaintiff's complaint alleges violations of the Tennessee Securities Act of 1980, T.C.A. §§ 48-2-101 *et seq.* Defendants challenge the timeliness of these two counts, as well as the sufficiency of plaintiff's pleading. The Court will consider the timeliness arguments first.

■ Plaintiff contends that the appropriate statute of limitations for his federal securities act claims is T.C.A. § 28-3-105, the three year statute of limitations for common law fraud. Defendants contend that the appropriate statute of limitations

for the federal claims is instead T.C.A. § 48-2-122(h), the statute of limitations contained in the Tennessee Securities Act, which provides:

> No action shall be maintained under this section unless commenced before the expiration of two (2) years after the transaction constituting the violation or the expiration of one (1) year after the discovery of the facts constituting the violation, or after such discovery should have been made by the exercise of reasonable diligence, whichever first expires.

Although there is some authority for plaintiff's argument, *see, e.g., Media General, Inc. v. Tanner*, 625 F.Supp. 237, 247 (W.D.Tenn.1985), this Court has ruled on numerous occasions that the appropriate statute of limitations for § 10(b) and Rule 10b-5 claims is T.C.A. § 48-2-122(h). *See White v. Philatelic Leasing*, CIV-1-86-508, slip op. [1987 WL 49640] (E.D.Tenn. Dec. 7, 1987); *Marcus v. J.C. Bradford*, CIV-1-85-278, slip op. (E.D.Tenn. March 3, 1987) [1987 WL 49639]; *Jones v. Hayden*, CIV-1-86-214, slip op. (E.D.Tenn. Feb. 17, 1987) [1987 WL 49638]; *Haney v. Dean Witter Reynolds*, CIV-1-85-531, slip op. (E.D.Tenn. Aug. 20, 1986) [1986 WL 21340]. *See also Ackerman v. May Zima & Co.*, CIV-3-85-1190, slip op. (M.D.Tenn. Feb. 10, 1988) [1988 WL 146617]. It is this statute of limitations which the Court will apply to Counts 2 and 3 of plaintiff's complaint.

The question remains as to what point plaintiff's claim accrued. Plaintiff asserts that the statute of limitations did not begin to run until plaintiff was injured when the bonds defaulted, which plaintiff alleged occurred in June 1986. Defendants contend that the plaintiff's claim accrued when the official statement containing the alleged fraud was issued on December 20, 1983. Plaintiff's complaint was filed on December 19, 1986.

■ As to plaintiff's claims under the Federal Securities and Exchange Act, federal law determines the date that the statute of limitations begins to run. *Silverberg v. Thomson McKinnon Securities, Inc.*, 787 F.2d 1079, 1082 (6th Cir.1986).

Fraudulent concealment may in certain circumstances toll the running of the statute of limitations. *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir.1975). In order to avoid the statute of limitations on the basis of fraudulent concealment, however, plaintiff must affirmatively plead the following elements with particularity: (1) wrongful concealment by defendant of its actions; (2) failure by plaintiff to discover the facts giving rise to the cause of action within the limitations; and (3) due diligence by plaintiff until such facts were discovered. Fed.R.Civ.P. 9(b); *Dayco* at 394; *Campbell v. Upjohn Co.*, 676 F.2d 1122, 1126 (6th Cir.1982). Due diligence is arguably the most important of the *Dayco* factors. Suits of limitations are "vital to the welfare of society and are favored in the law." *Dayco* at 394. A plaintiff who seeks to avoid the statute of limitations "owes the courts, the public and his adversaries a duty of diligence in discovering and filing his lawsuit" *Campbell* at 1128. A plaintiff's mere ignorance of his cause of action does not toll the statute of limitations. *Akron Presform Mold Co. v. McNeil Corp.*, 496 F.2d 230, 234 (6th Cir.), *cert. denied*, 419 U.S. 997, 95 S.Ct. 310, 42 L.Ed.2d 270 (1974). Instead, the plaintiff's ignorance of his cause of action is an excuse such as to toll the statute of limitations only if it persists despite his reasonable diligence to discover his cause of action. *Campbell* at 1127. Only those actions that would "deceive a reasonably diligent plaintiff" toll the statute of limitations. *Id.* at 1128. "Those plaintiffs who delay unreasonably in investigating circumstances that should put them on notice will be foreclosed from filing, once the statute has run." *Id.*

■ Examining plaintiff's complaint, it is clear that plaintiff has made no attempt whatsoever to demonstrate that his action under the federal securities laws was timely filed. There is no pleading whatever regarding affirmative actions by defendants to conceal their alleged fraud, nor is there any allegation whatever that plaintiff exercised due diligence in failing to discover his cause of action. Since plaintiff has not made out the necessary showing to toll the statute of limitations under federal law, the statute of limitations began to run against him at the date of the alleged fraud in December 1983, and his December 1986 complaint is consequently time-barred.

The Court recognizes that the federal courts and the federal rules reject for the most part formalistic pleading rules in favor of notice pleading. The federal rules, however, expressly put on plaintiff the burden of stating with particularity all averments of fraud and mistake. Fed.R.Civ.P. 9(b). This means that plaintiff had the burden of affirmatively pleading the elements necessary to toll the statute of limitations and this plaintiff has failed to do. Had plaintiff alleged facts sufficient to support a colorable claim of fraudulent concealment and due diligence on his part, the Court would agree that the question involved factual inquiry that could not be resolved on a motion to dismiss. In the absence of such allegations, however, the Court has no option but to dismiss plaintiff's allegations of violations of the federal securities law.

■ Turning now to the state securities law claims, the Court determines that these claims must also be dismissed. Plaintiff's argument that the statute of limitations in section 48-2-122(h) did not begin to run against him until he learned of default ignores the plain construction of the statute. The statute provides that suit must be brought within one year of discovery or within two years of the transaction constituting the violation, *whichever first expires.* Consequently, the statute places an absolute two-year cap on the bringing of actions which cannot be tolled merely by a plaintiff's failure to discover his cause of action. Plaintiff's reliance on *Security Bank & Trust Co. v. Fabricating, Inc.*, 673 S.W.2d 860 (Tenn.1983), *cert. denied*, 469 U.S. 1038, 105 S.Ct. 515, 83 L.Ed.2d 405 (1984), is misplaced, since it involves accrual under the statute of limitations for attorney malpractice, T.C.A. § 28-3-104. That statute is conditioned on discovery only, and lacks the overall cap built into section 48-2-122(h). *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487 (Tenn.

1975), also relied upon by plaintiff for the proposition that his cause of action accrued when he discovered his injury when the bonds defaulted, is similarly inapposite. Finally, *Media General, Inc. v. Tanner*, 625 F.Supp. 237 (W.D.Tenn.1985), provides no support for plaintiff's position since the complaint in that case was filed within the overall cap. *Tanner* at 247.

■ The Court agrees with plaintiff that the two-year limitations period in T.C.A. § 48–2–122(h) may, in certain circumstances, be tolled by fraudulent concealment. *See, e.g., Vance v. Schulder*, 547 S.W.2d 927, 930–31 (Tenn.1977). As noted above, however, plaintiff has failed to make even a colorable showing that any fraudulent concealment occurred. The mere fact that interest payments were made on the bonds in issue is insufficient.

Accordingly, counts 2 and 3 of plaintiff's complaint, alleging violations of federal and state securities laws, are time-barred and will be DISMISSED against all defendants who have raised the time bar as a defense.

### *Count 4 of Plaintiff's Complaint*

Count 4 of plaintiff's complaint alleges violation of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. § 1964(c). Defendants challenge count 4 as being time-barred and that plaintiff has failed to properly plead his RICO claim.

The Supreme Court has recently ruled that the four-year statute of limitations applicable to civil enforcement actions under the Clayton Act, 15 U.S.C. § 15(b), applies to civil RICO actions. *Agency Holding Corp. v. Malley–Duff & Associates, Inc.*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed. 2d 121 (1987). Consequently, plaintiffs' RICO claim was timely filed.

As indicated, defendants also contend that plaintiff has failed to state a cause of action under RICO. 18 U.S.C. § 1964(c) provides a civil remedy to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter...." Plaintiff's complaint fails to indicate what paragraph of section 1962

has been violated, but the complaint appears to fall under section 1962(c). To make out a violation of section 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Anitora Travel, Inc. v. Lapian*, 677 F.Supp. 209, 213 (S.D.N.Y. 1988) (citing *Sedima, SPRL v. Imrex*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed. 2d 346 (1985)). *See also Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47 (3d Cir.1988).

■ Care must be taken, of course, not to confuse what a plaintiff must plead with what he must prove. Although RICO allegations of fraud are generally subject to the particularity requirements of Fed.R. Civ.P. 9(b), *see, e.g., Formax, Inc. v. Hostert*, 841 F.2d 388 (Fed.Cir.1988), these requirements must be balanced against the liberal pleading standards of the Federal Rules, *see New England Data Services, Inc. v. Becher*, 829 F.2d 286 (1st Cir.1987), congressional intent that RICO be liberally construed, *see* 18 U.S.C. § 1961; *Sedima, SPRL v. Imrex*, 473 U.S. at 479, 105 S.Ct. at 3277 ("RICO is to be read broadly."), and the governing standard of review for motions under Fed.R.Civ.P. 12(b)(6). *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Nonetheless, the growing concern that "the heightened civil and criminal penalties of RICO ... [should be] reserved for schemes whose scope and persistence set them above the routine," *Flip Mortgage Corp. v. McElhone*, 841 F.2d 531 (4th Cir.1988) (quoting *HMK Corp. v. Walsey*, 828 F.2d 1071, 1074 (4th Cir.1987)), and limited to "the sort of extended, widespread, or particularly dangerous pattern of racketeering which Congress intended to combat with federal penalties," *Id.*, mandates that a plaintiff must properly allege the various RICO elements as a matter of pleading.

■ The Court has carefully examined plaintiffs' RICO allegations and finds them deficient in a number of respects. Most

particularly, plaintiff has failed to properly allege a "pattern of racketeering activity."

"Racketeering activity" is defined in 18 U.S.C. § 1961(1)(D) to include "any offense involving ... fraud in the sale of securities ... punishable under any law of the United States." To constitute a " 'pattern of racketeering activity' requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). This requires a *minimum* of two predicate acts and two isolated acts of racketeering activity alone are not enough to constitute a "pattern." *Sedima*, 473 U.S. at 496, n. 14, 105 S.Ct. at 3285 n. 14. ("[W]hile two acts are necessary, they may not be sufficient.") To constitute a "pattern" under RICO, there must exist "continuity plus relationship" between the predicate acts and actors. *Id.* In other words:

> In order to be sufficiently continuous to constitute a pattern of racketeering activity, the predicate acts must be ongoing over an identified period of time so that they can be fairly viewed as constituting separate transactions....

*Morgan v. Bank of Waukegan*, 804 F.2d 970, 975 (7th Cir.1986). Many courts of appeals require not only two or more separate predicate acts, but also two or more separate *schemes*. *See Phenix Federal Savings & Loan Asso. v. Shearson Loeb Rhoades, Inc.*, 856 F.2d 1125, 1128 (8th Cir.1988) (text in WESTLAW); *Flip Mortgage Corp. v. McElhone*, 841 F.2d 531 (4th Cir.1988); *but see United Energy Owners Committee, Inc. v. United Energy Mgmt. Systems, Inc.*, 837 F.2d 356 (9th Cir.1988); *Barticheck v. Fidelity Union Bank/First National State*, 832 F.2d 36 (3d Cir.1987). In any case, a RICO plaintiff must plead, at a minimum, two or more predicate acts and sufficient facts to constitute the "continuity plus relationship" required for a "pattern of racketeering activity" under RICO.

Plaintiff's RICO allegations in their entirety, read as follows:

## FOURTH COUNT

### (RICO, 18 U.S.C. § 1964(c))

43. Plaintiff repeats and re-avers all averments of paragraphs 1 through 42 above, and incorporates the same herein by reference.

44. Plaintiff and members of the Class are persons injured in their property by reason of violations of 18 U.S.C. § 1962, within the meaning of 18 U.S.C. § 1964(c).

45. All Participating Defendants are persons within the meaning of 18 U.S.C. § 1961(3). The association of the Participating Defendants for the purpose of promoting, offering and selling the securities and/or conducting the business of operating retirement centers, and the retirement centers themselves, constituted an enterprise or enterprises (the "Enterprise" or "Enterprises") within the meaning of 18 U.S.C. § 1961(4).

46. Participating Defendants have all committed acts of racketeering activity within the meaning of 18 U.S.C. § 1961(1) by their commission, directly or indirectly, of fraud in the sale of securities, as set forth with more particularly in paragraphs 1 through 42 above and in that they conspired to and carried on the fraudulent and unlawful sale of securities financing the Project and in other similar projects located in Chattanooga, Tennessee, Jackson, Tennessee, Sevier County, Tennessee, Springfield, Tennessee, Sumner County, Tennessee and Bowling Green, Kentucky.

47. The activities of Participating Defendants as aforesaid constitute, for each of said Participating Defendants, a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5), in that each Participating Defendant has directly or indirectly participated in two or more acts of fraud in the sale of securities committed within ten years of each other and after the effective date of the Organized Crime Control Act of 1970. Said acts of fraud in the sale of securities, as more fully set forth in paragraphs 1 through 42 above, include the offering and sale of the Bonds during 1983, to Plaintiff and the Class through fraudulent misrepresentations and omissions in violation of state and federal securities laws, as hereinabove set forth.

48. Through the aforesaid pattern of racketeering activity, each of said Participating Defendants conducted or participated, directly or indirectly, in the conduct of said Enterprises' affairs either through employment by or association with said Enterprises, in violation of 18 U.S.C. § 1962.

49. As a result of the aforesaid Participating Defendants' RICO violations, Plaintiff and the class have been damaged and are entitled to treble damages for the losses sustained, plus costs and reasonable attorneys' fee from Participating Defendants.

Paragraphs 46 and 47, relating to the requisite "pattern of racketeering activity," are deficient in many respects. First, they fail to identify with sufficient specificity the nature and content of the alleged predicate acts. Second, they fail to identify with sufficient specificity—or, indeed, with any specificity at all—the relationship of the various defendants to these predicate acts. Third, plaintiff fails to allege the scienter necessary for the predicate acts to constitute securities fraud. To qualify as a predicate act under RICO, the securities fraud must be "willful." 15 U.S.C. § 78ff(a). The scienter allegations in plaintiff's securities counts, incorporated by reference to the RICO count, are insufficient.

■ The determination that plaintiff's RICO allegations are insufficient to satisfy the pleading requirements of Rule 9(b) and cases interpreting RICO does not, however, end the inquiry. Dismissals for inadequate pleading are not favored and are not in keeping with the spirit motivating the federal rules, even where, as with RICO, the particularity requirements serve strong policy objectives. *See generally New England Data Services, Inc. v. Becher*, 829 F.2d 286 (1st Cir.1987).

This Court will, consequently, GRANT plaintiff fifteen (15) days from the date of entry of this memorandum and the accompanying order to amend his RICO allegations to satisfy the pleading requirements

discussed above. If plaintiff does not choose to so amend, count 4 will be dismissed. If plaintiff does so amend, the various defendants will be given an additional fifteen (15) days in which to move to dismiss the amended allegations, if they so choose.[3]

### Counts 5 and 6 of Plaintiff's Complaint

These pendant state law claims allege fraud and negligence respectively. Defendants have urged this Court to decline to exercise pendant jurisdiction over these counts if it dismisses all federal claims. If plaintiff fails to cure the deficiencies of his RICO allegations, the Court will dismiss the pendant state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Until the question of the sufficiency of the RICO allegations is resolved, the Court need not address the challenges to counts 5 and 6 raised by defendants Bailey and American Municipal.

### American Health Systems' Motion to Dismiss (Court File No. 75)

■ This motion is discussed separately because it is different in kind from the preceding motions. Defendant American Health contends that it was not served with 120 days as required by Fed.R.Civ.P. 4(j). That Rule provides that:

If a service of the summons and complaint is not made upon a defendant within 120 days after filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Plaintiff's complaint was filed December 19, 1986. Defendant American Health was not served until December 3, 1987, far outside the 120–day period provided in the Rule.

---

**3.** Defendants are advised, however, that this Court will hereafter strictly enforce the 25–page limitation of Local Rule 10.4.

Plaintiff contends dismissal under Rule 4(j) is inappropriate because he has "good cause" for not serving defendant American Health within the time frame established by the Rule. To establish "good cause" why service was not made sooner, plaintiff submits the affidavit of Alexander Buchanan (Court file No. 79), plaintiff's attorney from the initiation of this lawsuit in December 1986 until June 29, 1987, and the affidavit of M. Clark Spoden (Court File No. 80), plaintiff's attorney from June 29, 1987 to present. These affidavits are, however, insufficient to establish "good cause," particularly in light of the affidavits of Thomas W. Hunter (Court File No. 84), the principal of defendant American Health, and Kenneth R. Jones, Jr. (Court File No. 85), American Health's attorney.[4] Those affidavits demonstrate that any diligent attempt at service would probably have succeeded. Even if it did not, a diligent attempt to serve an evasive defendant would go far in establishing "good cause." Plaintiff has, however, demonstrated neither diligence on his part to timely effectuate service nor evasiveness on the part of defendant to reject service.

Plaintiff's complaint against defendant American Health Systems, Inc. will, consequently, be DISMISSED WITHOUT PREJUDICE.

An appropriate order shall enter.

## ORDER

In accordance with the accompanying memorandum, it is hereby ORDERED that:

1. The motions to dismiss of defendant May Zima & Co. (Court File No. 15), defendant Bailey & Associates, Inc. (Court File No. 26), defendant Parker Hudson Rainer Dobbs & Kelly (Court File No. 46) and defendant American Municipal Securities, Inc. (Court File No. 48) are GRANTED IN PART, DENIED IN PART, as follows:

    A. As to counts 1, 2 and 3 of plaintiff's complaint, the motions are GRANTED, and those counts are DISMISSED.

    B. As to counts 4, 5 and 6, decision on the motions is RESERVED. Plaintiff shall have fifteen (15) days from the date of this order to cure the deficient pleading of count 4 or suffer dismissal.

2. The motion to dismiss of defendant American Health Systems (Court File No. 75) is GRANTED. Plaintiffs' complaint against defendant American Health Systems is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

---

**4.** It is also noteworthy that plaintiff's counsel never requested an extension of time in which to effect service.